492 A.2d 55

**COMMONWEALTH of Pennsylvania**

**v.**

**David PHILLIPS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1985.

Filed April 26, 1985.

Dorothy Livaditis, York, for appellant.

J. Christian Ness, District Attorney, York, for Commonwealth, appellee.

Before POPOVICH, WATKINS and LIPEZ, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence dated January 23, 1984, in the Court of Common Pleas of York County. On November 7, 1983, the appellant entered a guilty plea to the offenses of burglary and theft alleged to have occurred on May 24, 1983. On January 23, 1984, the appellant was sentenced to a term of not less than three (3) years nor more than six (6) years in a state correctional institution. A subsequent petition for reconsideration was denied and this appeal followed.

The first issue raised by the appellant concerns the lower court's computation of the "Prior Record Score" which becomes material in the application of the Pennsylvania Sentencing Guidelines, 204 Pa.Code Ch. 303. In arriving at

the sentence to be imposed upon the appellant, the lower court relied upon a prior record score of six, which is the maximum that can be used in any case. The lower court's reliance was based partly upon the Pre-Sentence Report prepared by the York County Probation Department. According to the report, the appellant had three prior juvenile adjudications for burglary. However, the appellant has taken the position that he had only been adjudicated delinquent within the meaning of the Sentencing Guidelines on one occasion and, therefore, his prior record score should have been two points.

In support of his position, the appellant cites Section 303.7(b)(1)(ii) of the Sentencing Guidelines which provides as follows:

§ 303.7. Prior record score.

(b) Adjudications of delinquency and other prior convictions.

(1) The offenses scored in this subsection are as follows:

(ii) All prior juvenile adjudications of delinquency where there was an express finding that the adjudication was based on the commission of a felony or one of the weapons misdemeanors listed in subsection (a)(3) where the adjudication occurred on or after the defendant's 14th birthday.

Section 303.7(b)(2)(ii) of the Sentencing Guidelines provides that two points are to be added for each adjudication for any felony I or II not listed in subparagraph (i). Since burglary is not among those felonies listed in subparagraph (i), two points should be added to the prior record score for each such adjudication. According to the provisions quoted above, if, in fact, the appellant had three prior juvenile adjudications for burglary, his prior record score would properly have been computed to be six points. However, if the appellant is correct, his prior record score should have been computed to be two points.

The confusion in this case arises from differing interpretations of two orders entered by the Honorable Robert J.

Shadle, who was Juvenile Court Judge in York County on two occasions when the appellant appeared before that court. The first order, which was entered on March 13, 1980, provided as follows:

"In this case, we find as facts that David did commit the offense of attempted theft with regard to the parking meters and the offense of burglary, as charged in the two complaints. These are violations of the criminal law. We adjudge David to be a delinquent youth and we make him a ward of the Court."

The appellant concedes that this Order did constitute an adjudication of delinquency within the meaning of Section 303.7(b)(1)(ii) of the Sentencing Guidelines, supra.

The appellant was released on probation following the adjudication of March 13, 1980. On May 30, 1980, a new petition was filed with the Juvenile Court alleging that the appellant had violated the conditions of his probation in that, inter alia, he had committed various crimes which resulted in the filing of four additional complaints against him. A probation violation hearing was held and, on June 12, 1980, Judge Shadle entered the following Order:

"AND NOW, TO WIT, this 12th day of June, 1980, in this case we find that David has failed to comply with the Order of Court previously entered with respect to employment or entering the Job Corps; *that since that time he has committed or participated in the various burglaries and thefts as charged in the complaints. These are additional violations of the law.* We adjudge David to be in violation of the terms of his parole." (Emphasis—ours)

The lower court held that the Order dated June 12, 1980, constituted two additional adjudications of delinquency within the meaning of Section 303.7(b)(1)(ii) of the Sentencing Guidelines, supra. The appellant had taken the position that this Order does not contain any additional adjudications because there is "no express finding that the adjudication was based on the commission of a felony" as required by Section 303.7(b)(1)(ii).

50

■■ Although Judge Shadle's Order of June 12, 1980 did not specifically adjudge the appellant to be delinquent, we do not believe, under the circumstances presented here, that a specific adjudication is a prerequisite to the inclusion of the two burglaries in the computation of the appellant's prior record score. The appellant was already under the jurisdiction of the Juvenile Court at the time the alleged offenses to which Judge Shadle referred were committed. Therefore, the disposition of those offenses was made part of a probation violation hearing. The pertinent part of Section 303.7(b)(1)(ii) is that which requires "an express finding that the adjudication was based on the commission of a felony . . ." Judge Shadle made an express finding in his Order of June 12, 1980, that the appellant had committed the two burglaries as charged in the complaints. A careful reading of Section 303.7 of the Sentencing guidelines, and the mere existence of the prior record score provision itself, evidences the fact that those with a pattern of serious criminal conduct are to be judged more harshly than those whose conduct evidences no such pattern. Therefore, we believe that the primary consideration in this case is whether the appellant had been expressly adjudged by Judge Shadle to have committed the two burglaries. Since he made such an express finding, we hold that the lower court was correct in including those two burglaries in the computation of the appellant's prior record score.

The other issues raised by the appellant concern whether the sentence imposed was excessive or in violation of Section 9721(b) of the Sentencing Code, 42 Pa.C.S. § 9721(b), in that it exceeds the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the appellant.

■■ Where the statute under which a defendant is convicted carries no specified penalty, sentencing is a matter within the sound discretion of the trial judge, whose determination will not be disturbed unless there is an abuse

of that discretion. *Commonwealth v. Bedleyoung,* 319 Pa.Superior Ct. 323, 466 A.2d 180 (1983). An abuse of discretion will be found only where the sentence exceeds the statutory limits or is manifestly excessive. *Commonwealth v. Lee,* 254 Pa.Superior Ct. 291, 385 A.2d 1025 (1978). Since the appellant's sentence does not exceed the statutory maximum, we need review the sentence only to determine whether it is manifestly excessive.

Guidelines have been established by the legislature for consideration by trial judges in the imposition of sentences. The guidelines require judges to "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Judges are to apply this principle in choosing among the available sentencing alternatives; Probation, determination of guilt without penalty, partial confinement, total confinement, and fines. 42 Pa.C.S. § 9721(a). Further, in imposing sentence, each judge must make part of the record a statement of the reason or reasons for the sentence imposed. 42 Pa.C.S. § 9721(b). This statement of reasons must show that in imposing sentence, the judge attached weight to the factors set forth in the statutory guidelines for sentencing and carefully considered the facts concerning the circumstances of the offense and the character of the defendant. *Commonwealth v. Wicks,* 265 Pa.Superior Ct. 305, 401 A.2d 1223 (1979). Reference should be made to the individual's prior criminal record, his age, his personal characteristics and his potential for rehabilitation. *Commonwealth v. O'Brien,* 282 Pa.Superior Ct. 193, 197, 422 A.2d 894, 896 (1980).

The lower court's statement of reasons for the imposition of the subject sentence states that the judge considered the various sentencing alternatives before imposing a sentence of total confinement. He also considered the presentence report, the particular circumstances of the offense, the appellant's age, and his prior contacts with the court. On

the positive side, the judge noted that the appellant was only nineteen years of age at the time of the offense and that he had no prior record of conviction as an adult. He determined, however, that the negative factors outweighed the positive factors. On the negative side, the judge noted that this particular offense involved a burglary and theft of eight weapons, specifically guns. There was also damage done to the premises during the burglary. Further, the appellant had been given the opportunity for treatment and rehabilitation at the Glen Mills School while he was a juvenile. Those efforts at rehabilitation were apparently ineffective. Finally, the judge noted that although the appellant had no prior record as an adult, this offense took place less than one year after his discharge from the jurisdiction of the juvenile court. Based upon all of the above factors, the judge determined that a sentence of total confinement for a period of time falling within the minimum range was appropriate.

■ We find that the lower court considered all the factors required by law and its determination is adequately supported by the record. We conclude, therefore, that the sentence imposed is not excessive and the lower court did not abuse its discretion.

Judgment of sentence affirmed.