589 A.2d 706

**COMMONWEALTH of Pennsylvania**

v.

**Jonathan James McCLENDON, Appellant. (Two Cases)**

Superior Court of Pennsylvania.

Argued Dec. 18, 1990.

Filed April 8, 1991.

Petition for Allowance of Appeal
Denied Sept. 5, 1991.

468

Carmela R.M. Presogna, Asst. Public Defender, Erie, for appellant.

William A. Dopierala, Asst. Dist. Atty., Erie, for Com., appellee.

Before CIRILLO, President Judge, and CAVANAUGH, WIEAND, OLSZEWSKI, DEL SOLE, POPOVICH, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

WIEAND, Judge:

Jonathan James McClendon entered negotiated pleas of guilty to two separate robberies which had occurred at the Central Mall Branch of the Marine Bank in Erie, Pennsylvania.[1] In exchange for his pleas of guilty, the prosecuting attorney agreed that, at the time of sentencing, he would tell the court that the Commonwealth would have no objection to the imposition of concurrent sentences. When McClendon was sentenced, the prosecuting attorney explained to the court that the Commonwealth had no objection to concurrent sentences. The sentencing court, nevertheless, imposed consecutive terms of imprisonment.[2] Subsequent motions to withdraw the pleas of guilty and to reduce the sentences were denied, and McClendon appealed.[3] He contends that he should have been entitled to withdraw his pleas of guilty because the trial court imposed consecutive sentences. He also contends that the sentences imposed were manifestly excessive.

"In order to permit the withdrawal of a guilty plea after sentence has been entered, there must be a showing of

1. The robberies were committed by McClendon on December 12, 1988 and December 22, 1988.

2. The court imposed a sentence of imprisonment for not less than three (3) years nor more than ten (10) years for the one robbery and a consecutive term of imprisonment of not less than one and one-half (1½) years nor more than five (5) years for the other.

3. McClendon filed separate notices of appeal from the denial of his motion to withdraw the guilty plea and from the denial of his motion to modify sentence. A subsequent motion to consolidate the two appeals was granted by the Superior Court.

prejudice that results in a manifest injustice to the defendant." *Commonwealth v. Vance,* 376 Pa.Super. 493, 499, 546 A.2d 632, 635 (1988). See also: *Commonwealth v. Schultz,* 505 Pa. 188, 191, 477 A.2d 1328, 1329–1330 (1984); *Commonwealth v. Muller,* 334 Pa.Super. 228, 233–234, 482 A.2d 1307, 1310 (1984). "To prove manifest injustice, a criminal defendant must show that his plea was involuntary or was entered without knowledge of the charge." *Commonwealth v. Fenton,* 388 Pa.Super. 538, 542, 566 A.2d 260, 262 (1989). See also: *Commonwealth v. Jones,* 389 Pa.Super. 159, 162, 566 A.2d 893, 895 (1989); *Commonwealth v. Campbell,* 309 Pa.Super. 214, 219, 455 A.2d 126, 128 (1983). However, "[o]nce a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. West,* 336 Pa.Super. 180, 186, 485 A.2d 490, 493 (1984). See also: *Commonwealth v. Phillips,* 374 Pa.Super. 219, 222, 542 A.2d 575, 576 (1988); *Commonwealth v. Brown,* 242 Pa.Super. 240, 244, 363 A.2d 1249, 1251 (1976).

"Post-sentencing attempts to withdraw a guilty plea must sustain this more substantial burden [of demonstrating manifest injustice] because of the recognition that a plea withdrawal can be used as a sentence-testing device." *Commonwealth v. Shaffer,* 498 Pa. 342, 346, 446 A.2d 591, 593 (1982). See also: *Commonwealth v. Starr,* 450 Pa. 485, 489, 301 A.2d 592, 594 (1973); *Commonwealth v. Vance, supra.* "It is axiomatic that a disappointed expectation regarding a sentence does not constitute grounds for withdrawing a guilty plea." *Commonwealth v. Owens,* 321 Pa.Super. 122, 130, 467 A.2d 1159, 1163 (1983). See also: *Commonwealth v. Sanutti,* 454 Pa. 344, 312 A.2d 42 (1973); *Commonwealth v. West, supra* at 185, 485 A.2d at 493. "If a plea of guilty could be retracted with ease after sentencing, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." *Commonwealth v. Shaffer, supra.*

Pursuant to Pa.R.Crim.P. 319(a), a trial judge "shall not accept [a guilty plea] unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record." Regarding the entry of a guilty plea, it has been said:

> Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. See: Pa.R.Crim.P. 319 and comment thereon. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered. A guilty plea colloquy must include inquiry as to whether (1) the defendant understood the nature of the charge to which he is pleading guilty; (2) there is a factual basis for the plea; (3) the defendant understands that he has the right to a jury trial; (4) the defendant understands that he is presumed innocent until he is found guilty; (5) the defendant is aware as to the permissible range of sentences; and (6) the defendant is aware that the judge is not bound by the terms of any plea agreement unless he accepts such agreement. *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977). Inquiry into these six areas is mandatory in every guilty plea colloquy. *Commonwealth v. Glaze*, 366 Pa.Super. 517, 531 A.2d 796 (1987); *Commonwealth v. Moore*, 365 Pa.Super. 65, 528 A.2d 1364 (1987). See also: *Commonwealth v. Johnson*, 355 Pa.Super. 123, 512 A.2d 1242 (1986).

*Commonwealth v. Cole*, 387 Pa.Super. 328, 335–336, 564 A.2d 203, 206–207 (1989). See also: *Commonwealth v. Alston*, 387 Pa.Super. 393, 397, 564 A.2d 235, 237 (1989); *Commonwealth v. Cortino*, 387 Pa.Super. 210, 215–216, 563 A.2d 1259, 1261–1262 (1989).

In the instant case, a full and complete colloquy was conducted and included these six mandatory inquiries. During the colloquy, appellant affirmatively acknowledged that

he understood the rights which he was surrendering by pleading guilty and that his decision to plead guilty was a voluntary one. On appeal, he contends nevertheless that he had an absolute right to withdraw his guilty plea pursuant to Pa.R.Crim.P. 319(b)(3) because the trial court refused to accept the plea agreement. We reject this contention.

Pa.R.Crim.P. 319(b)(3) provides as follows:

(3) If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea.

In interpreting this rule, several Superior Court decisions held that "a sentence recommendation is among the 'terms' of a plea bargain, and the Rule provides that if the judge cannot concur in the bargain, he must afford the defendant an opportunity to withdraw." *Commonwealth v. Sutherland*, 234 Pa.Super. 520, 525, 340 A.2d 582, 584–585 (1975). See: *Commonwealth v. Fazenbaker*, 248 Pa.Super. 433, 375 A.2d 175 (1977); *Commonwealth v. Wilson*, 234 Pa.Super. 7, 335 A.2d 777 (1975); *Commonwealth v. Barrett*, 223 Pa.Super. 163, 299 A.2d 30 (1972). See also: *Commonwealth v. Coles*, 365 Pa.Super. 562, 565–566, 530 A.2d 453, 455 (1987). In *Commonwealth v. Bennett*, 512 Pa. 525, 532, 517 A.2d 1248, 1251–1252 (1986), the Supreme Court, by dictum, interpreted Rule 319(b)(3) in a similar manner. This interpretation of the rule was "premised on the idea that it would be unfair to accept a guilty plea which was induced in part by a recommendation of a lenient sentence and then impose a greater sentence." *Commonwealth v. Sutherland, supra,* 234 Pa.Superior Ct. at 524, 340 A.2d at 584.

More recent decisions, however, have made it quite clear that plea agreements by which the Commonwealth has agreed to make nonbinding sentencing recommendations will not give rise to a per se right to withdraw the plea if the sentencing court does not accept the recommendation. Thus, in *Commonwealth v. Osteen*, 381 Pa.Super. 120, 552 A.2d 1124 (1989), the sentencing court's rejection of the

prosecution's expressly nonbinding recommendation of probation and the imposition of a sentence of imprisonment was held not to violate the terms of the plea agreement. The Court reasoned as follows:

> The ... plea bargain created no expectation whatsoever as to what sentence would be imposed. By its clear and fully explained terms, the plea bargain was expressly limited to what sentence the prosecutor would recommend, not what sentence the court would impose. Thus, the prosecutor completely fulfilled his part of the plea bargain at sentencing by offering the recommendation as agreed.... To have permitted appellant to withdraw his no contest plea based upon the trial court's rejection of the prosecution's recommendation, would have ignored the clear limits of the plea agreement and would have permitted precisely the kind of "sentence-testing" which our Supreme Court expressly condemned in *Shaffer,* 446 A.2d at 592–93; *see also Commonwealth v. Herberg, supra,* [306 Pa.Super. 245] 452 A.2d [536] at 537. [(1982) ]. Consequently, we reject entirely appellant's suggestion that his plea bargain was broken.

*Id.* 381 Pa.Super. at 127–128, 552 A.2d at 1128. From this decision it seems clear that where the terms of a plea agreement state specifically that the court is not to be bound by the Commonwealth's sentencing recommendation, the defendant acquires no right to have his plea withdrawn if a more severe sentence is imposed.

The same result was achieved in *Commonwealth v. Porreca,* 389 Pa.Super. 553, 567 A.2d 1044 (1989). There, the sentencing court had rejected the Commonwealth's nonbinding recommendation for a maximum sentence of county prison time and, instead, imposed a sentence of imprisonment of two to six years in a state prison. The defendant argued that the sentencing court's rejection of the Commonwealth's recommended sentence created an absolute right to withdraw his plea pursuant to Pa.R.Crim.P. 319(b)(3). In rejecting this argument, the Superior Court said:

In *Osteen*, this Court emphasized that the limited nature of the plea agreement was clearly and unequivocally expressed to the defendant, who nonetheless opted to accept even the limited plea agreement as a true bargain.

The limits of the plea agreement finally approved in this case were even more clearly expressed to appellant herein, than the limits of the agreement in *Osteen* had been explained to Osteen. Here, the trial court expressly rejected the original proposed plea agreement which had included the promise of an **unconditioned and presumably binding recommendation** of no more than county time, and then subsequently accepted a plea agreement which included an **expressly conditioned non-binding recommendation** of no more than county time. Under those circumstances, the express and unequivocal terms of appellant's plea agreement, "created no expectation whatsoever as to what sentence would be imposed." *Commonwealth v. Osteen, supra*, 381 Pa.Superior Ct. at 127, 552 A.2d at 1128.

Thus, it can be fairly said that our Supreme Court's dictum in *Bennett*, that Rule 319 "is simply a directive to the court that if the court does not concur with the terms of the plea agreement and a defendant petitions to withdraw the plea in a timely manner, the court must permit the withdrawal of the plea", was in no sense contravened. The trial court in fact did not reject "**the terms of the plea agreement.**" 517 A.2d at 1251–52 (emphasis added). *Cf. Commonwealth v. Kioske*, 337 Pa.Super. 593, 487 A.2d 420 (1985) (although the terms of plea agreements must be enforced, the terms were not in fact violated; hence, no relief was appropriate). Succinctly, the trial court's concurrence in the Commonwealth's sentencing recommendation was expressly and unequivocally excluded from the "terms of the plea agreement" in this case.

In an open plea agreement, there is an agreement as to the charges to be brought, but no agreement at all to restrict the prosecution's right to seek the maximum sentences applicable to those charges. At the other end of the negotiated plea agreement continuum, a plea

agreement may specify not only the charges to be brought, but also the specific penalties to be imposed. In between those extremes there are various options, including an agreement to make no recommendation or, as here, an agreement to make a favorable but non-binding recommendation. So long as the limits of the agreement are plainly set forth on the record, understood and agreed to by the parties, and approved by the trial court, we find no impediment in *Bennett* or Pa.R.Crim.P. 319(b) to the offer, acceptance, performance or enforcement of such plea agreements. *Cf. Commonwealth v. Osteen, supra,* 552 A.2d at 1128, *citing Commonwealth v. Shaffer,* 498 Pa. 342, 346, 446 A.2d 591, 592–93 (1982). Therefore, we find that appellant's motion to withdraw his plea based upon the sentencing court's nonconcurrence in the prosecution's expressly and unequivocally non-binding sentencing recommendation was properly denied.

*Commonwealth v. Porreca, supra,* 389 Pa.Superior Ct. at 558–560, 567 A.2d at 1046–1047 (footnotes omitted).

■ Appellant's argument that *Porreca* and *Osteen* were wrongly decided is unpersuasive. Rule 319(b)(3) does not give the defendant a right which is greater than the terms of the plea bargain itself. Thus, the comment to Rule 319(b)(3) states that the rule "requires the judge to permit the defendant to withdraw a plea the judge has accepted when the judge is unable to comply with a plea agreement on which the plea was based." Where, however, the terms of the plea agreement specifically make a recommended sentence nonbinding on the court, there can be no violation of the plea agreement when the court chooses not to follow the recommendation. In such cases the defendant has received nothing less than he bargained for. We conclude, therefore, that *Porreca* and *Osteen* present a realistic and rational approach to the enforcement of plea agreements. Prior case law does not require a contrary result.

■ In the instant case, the terms of appellant's plea agreement were set forth in writing and acknowledged by appellant as follows:

## DEFENDANT'S STATEMENT OF UNDERSTANDING OF RIGHTS PRIOR TO GUILTY/NO CONTEST PLEA

I am the defendant in the within matter and I hereby state that I desire to plead guilty/no contest in this matter; that my plea is made voluntarily by me without any pressure or promise not reflected on this paper; and that I fully understand all of my rights in choosing to plead guilty/no contest.

. . . .

5. I understand that any plea bargain in my case is set forth here and that there has been no other bargain and no other promise or threat of any kind to induce me to plead guilty/no contest. The *only* plea bargain in my case is: *none. The defendant will plead guilty as charged. The Commonwealth has no objection to Count 2 being concurrent to Count 1 for sentencing purposes if the pre-sentence report is favorable. WAD:jac*

6. I understand that the Judge is not bound by the terms of any plea bargain unless he chooses to accept it. The Judge will announce his decision at the conclusion of the plea colloquy which follows my signing this paper. If the Commonwealth agrees to make a sentencing recommendation on my behalf, the Judge will not be bound by this recommendation and I understand that I will not be permitted to withdraw my guilty/no contest plea if this should occur.

During the guilty plea colloquy, the following exchange occurred:

MR. VOGEL [ASSISTANT DISTRICT ATTORNEY]: Okay. A few additional things we have to go over with you, Mr. McClendon, the maximum sentence under the law and to the crimes you are pleading guilty to. Both counts are robbery, felony of the first degree, which means that each of them carries a fine of up to twenty-

five thousand dollars and each of them carries twenty years in jail, do you understand that?

THE DEFENDANT: Yes; yes, sir, I do.

MR. VOGEL: You understand under the law, and we will get to the plea bargain in a moment; you understand under the law the Judge has the power to impose consecutive sentences and that you are facing up to fifty thousand dollars in fines and up to forty years in jail?

THE DEFENDANT: Yes, sir.

MR. VOGEL: And you understand that regardless of any recommendation or comment that we make in the plea bargain, that doesn't legally guarantee you of anything less than the maximum; that the Judge—

THE DEFENDANT: Yes, sir.

MR. VOGEL: —still can reject our recommendations and impose any sentence up the maximum allowed by law?

THE DEFENDANT: Yes, sir.

MR. VOGEL: With regard to the plea bargain, Mr. McClendon, the right sheet indicates that you would be pleading guilty to two counts of robbery. We would have no objection—the District Attorney's office would have no objection to the second count of robbery running concurrent, the sentence running at the same time as the first count of robbery, assuming the presentence report was favorable in your case.

THE DEFENDANT: Yes, sir.

MR. VOGEL: What that would mean, at the time of sentencing we would come before this Court and indicate to the Judge that our position is, we have no objection to the sentences, that the two counts running at the same time. But as I said, that does not guarantee you that the Judge, in fact, is going to accept our position. He still can impose consecutive sentences, you understand that?

THE DEFENDANT: Yes, sir.

MR. VOGEL: Do you have any questions whatsoever about the plea bargain or what it means?

THE DEFENDANT: No, I do not.

Pursuant to the express terms of appellant's plea agreement, therefore, the Commonwealth was obligated to do nothing more than to inform the sentencing court that it had no objection to concurrent sentences. It was not required affirmatively to request or recommend that concurrent sentences be imposed. The agreement provided further in clear, explicit and unambiguous terms that the sentencing court was not required to accept any sentencing recommendation by the Commonwealth. During the guilty plea colloquy appellant was specifically informed that the sentencing judge was free to impose consecutive sentences, with each being up to the statutory maximum. Appellant acknowledged that he fully understood the terms of the plea agreement and that he was willing to be bound thereby. The Commonwealth complied with the terms of the plea agreement which it made with appellant, and he is not entitled to withdraw his guilty plea merely because he was disappointed by the sentence imposed by the court.

■ There also is no merit in appellant's contention that the guilty plea colloquy was defective because he was not informed that a less rigid standard for withdrawing a guilty plea exists prior to sentencing than after sentence has been imposed.[4] A similar argument was rejected by the Superior Court in *Commonwealth v. Klinger,* 323 Pa.Super. 181, 470 A.2d 540 (1983), where it was held that counsel had not been ineffective for failing to insist that the guilty plea colloquy include a statement about the right to withdraw a guilty plea prior to sentencing. The Court reasoned:

It would be absurd to hold that a guilty plea is involuntary or unknowing if the defendant is not told beforehand that after entering the plea he will be allowed to petition to withdraw it. Equally absurd would be to find counsel ineffective for failing to insist on such a statement in a

4. In contrast to post-sentencing motions, pre-sentence motions for withdrawal of a guilty plea are to be liberally permitted for fair and just reasons, unless the Commonwealth will be substantially prejudiced thereby. See: *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973); *Commonwealth v. Ortiz,* 334 Pa.Super. 117, 482 A.2d 1110 (1984).

guilty plea colloquy. The Supreme Court has ruled that knowledge of the procedural aspects of the right to withdraw a plea has no relation to whether the plea was voluntary in the first instance. *Commonwealth v. Chumley,* [482 Pa. 626, 394 A.2d 497 (1978), *cert. denied,* 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979).]

*Commonwealth v. Klinger, supra* 323 Pa.Super. at 198, 470 A.2d at 549. Similarly, in *Commonwealth v. Bennett, supra,* the Supreme Court held that, where a court rejects the terms of a plea agreement, it is not required, either at or prior to the time of sentencing, to inform the defendant specifically that its failure to concur in the terms of the plea agreement provides a basis for withdrawing the plea. It is sufficient if the defendant is told at the time of sentencing that he has a right to file a motion to withdraw the plea and to file a direct appeal. The defendant can thereafter decide whether he is satisfied with the sentence imposed. *Commonwealth v. Bennett, supra,* 234 Pa.Superior Ct. at 532–533, 517 A.2d at 1251–1252.

Here, appellant was informed at the time of sentencing that he had a right to file a motion to withdraw his guilty plea and to file a direct appeal. Although appellant has, indeed, exercised his right of appeal, he has failed to advance a sound reason for allowing him to withdraw his guilty pleas. The record before this Court fully evidences that appellant knowingly, intelligently and voluntarily entered pleas of guilty and that the terms of his plea agreement were fully complied with by the prosecution. Under these circumstances, the trial court properly denied the defendant's motion to withdraw his guilty pleas.

■ Appellant's remaining argument implicates the discretionary aspects of sentencing. In a separate statement complying with Pa.R.A.P. 2119(f), he has alleged that the trial court abused its discretion by deviating from the sentencing guidelines on the first count of robbery and by imposing a sentence in the aggravated range of the guidelines on the second count of robbery without adequately explaining its reasons for the departure from the guidelines

and without finding sufficient aggravating factors. Because we deem this a substantial challenge to the appropriateness of appellant's sentence, we will allow this appeal from the discretionary aspects of sentencing.[5] See: *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

■ "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of that discretion." *Commonwealth v. Anderson*, 381 Pa.Super. 1, 16, 552 A.2d 1064, 1072 (1988). See also: *Commonwealth v. Hunter*, 381 Pa.Super. 606, 618–619, 554 A.2d 550, 556 (1989); *Commonwealth v. Fries*, 362 Pa.Super. 163, 167, 523 A.2d 1134, 1135 (1987). However, the sentencing court must state its reasons for the sentence on the record, which in turn aids in determining "whether the sentence imposed was based upon accurate, sufficient and proper information." *Commonwealth v. Riggins*, 474 Pa. 115, 131, 377 A.2d 140, 148 (1977). See also: *Commonwealth v. Thomas*, 370 Pa.Super. 544, 551–553, 537 A.2d 9, 12–13 (1988); *Commonwealth v. White*, 341 Pa.Super. 261, 270, 491 A.2d 252, 257 (1985). When the sentence imposed is outside the sentencing guidelines, moreover, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b). See also: *Commonwealth v. Sanchez*, 372 Pa.Super. 369, 373, 539 A.2d 840, 842 (1988), *affirmed*, 522 Pa. 153, 560 A.2d 148 (1989); *Commonwealth v. Vinson*, 361 Pa.Super. 526, 534, 522 A.2d 1155, 1159 (1987). This requirement is satisfied "when the judge states his reasons for the sentence on the record and in the defendant's presence." *Commonwealth v. Smith*, 369 Pa.Super. 1, 6, 534 A.2d 836, 838 (1987). See also: *Commonwealth v. Chesson*, 353 Pa.Super. 255, 256–257, 509 A.2d 875, 876 (1986); *Commonwealth v. Royer*, 328 Pa.Super. 60, 69, 476 A.2d 453, 457 (1984).

5. Appellant also asserts that his sentence was improper because the sentencing court rejected the plea agreement he entered. We have already determined that appellant's plea agreement was fully complied with; and, therefore, we find this contention lacking in merit.

When imposing sentence, a court is required to consider "the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Frazier*, 347 Pa.Super. 64, 67, 500 A.2d 158, 159 (1985). See also: *Commonwealth v. Didyoung*, 369 Pa.Super. 346, 353, 535 A.2d 192, 195 (1988); *Commonwealth v. Martin*, 328 Pa.Super. 498, 501, 477 A.2d 555, 557 (1984). In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. *Commonwealth v. Phillips*, 342 Pa.Super. 45, 51, 492 A.2d 55, 58 (1985). See: *Commonwealth v. O'Brien*, 282 Pa.Super. 193, 197, 422 A.2d 894, 896 (1980). "It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines." *Commonwealth v. Hainsey*, 379 Pa.Super. 376, 382, 550 A.2d 207, 209 (1988). See also: *Commonwealth v. Meo*, 362 Pa.Super. 328, 332–333, 524 A.2d 902, 904 (1987); *Commonwealth v. Ruffo*, 360 Pa.Super. 180, 185–186, 520 A.2d 43, 46 (1987). Additionally, the court must impose a sentence which is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant." *Commonwealth v. Frazier, supra.* See also: *Commonwealth v. Lowe*, 361 Pa.Super. 343, 347, 522 A.2d 614, 616 (1987); *Commonwealth v. Dixon*, 344 Pa.Super. 293, 310, 496 A.2d 802, 810 (1985); 42 Pa.C.S. § 9721(b). Where the sentencing judge had the benefit of a pre-sentence report, however, it will be presumed that he "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101–102, 546 A.2d 12, 18 (1988). See also: *Commonwealth v. Catanch*, 398 Pa.Super. 466, 474, 581 A.2d 226, 230 (1990); *Commonwealth v. Bruner*, 388 Pa.Super. 82, 107, 564 A.2d 1277, 1289 (1989). "Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed." *Commonwealth v. Devers, supra*, 519 Pa. at 102, 546 A.2d at 18.

A review of the record in the instant case discloses that the sentencing court had the benefit of and fully considered a pre-sentence report before imposing sentence upon appellant. Therefore, we presume that the court was aware of and considered the relevant mitigating circumstances set forth therein. Immediately prior to announcing appellant's sentence, the court placed the following comments on the record at the sentencing hearing:

The Court has considered the Pennsylvania Guidelines on Sentencing which set forth sentence ranges for each of the robbery crimes of 4 to 8 months in the mitigated ranges; 12 to 18 months in the aggravated range; and 8 to 12 months in the minimum range. Those are the minimum suggested sentences in those ranges, according to the guidelines, as to each of the charges.

The Court has also considered the Presentence Report in its entirety.

The Court has considered the Pennsylvania Code on Sentencing.

The Court has considered the statements of defense counsel, the witness for the defendant, and the defendant.

The Court has also considered the statement of the Commonwealth and the position of the Commonwealth as to sentencing.

The Court has considered the defendant's age, background, character and rehabilitative needs.

. The Court has considered the nature, circumstances, and seriousness of the offenses.

The Court has considered the protection of the community.

The Court has considered the impact on the victim.

The Court would note that what stands out obviously in Mr. McClendon's favor is the fact that he is 30 years of age and has no prior criminal record.

The defendant has a wife and six children.

The defendant has an associate's degree from college.

The defendant has been and is—in fact, was employed at the time of this offense.

The defendant has an honorable discharge from the United States Air Force.

The defendant has some past history of depression approximately two years ago. No drug or alcohol problem is noted, although upon admission into the prison the defendant had admitted he had used cocaine approximately four days before his arrest.

The defendant appears, according to the financial portion, to be stable, financially stable. There are no outstanding assets or debts listed as a result or as part of the Presentence Report.

It is noted that he was working and making approximately $7 an hour at the time of the commission of these crimes.

The defendant has indicated, through his attorney, that what occurred here was poor judgment. It is obvious that this was much, much more than poor judgment. Poor judgment is when you go into a store and buy something that you shouldn't be buying, or you make a mistake, an honest mistake. It's not when you plan a criminal activity, carry out that plan, go back with the proceeds of that money and then wait approximately 10 days, replan another criminal activity at the same place, go back there, perform the crime itself, and once again flee, and have to be hunted down and tracked and found by the police department. That's not poor judgment, that's planned criminal activity of a significant and serious nature; two bank robberies within 10 days at the same banks.

The Court notes also that both were open to the public at the time. Both were crowded. That the robbery occurred during business hours and caused an immense disruption of business and service. During the course of the investigation, customers could not transact business, and obviously the safety of everyone was in jeopardy because no one knew what you would or would not do under the circumstances.

Court also notes that the crime netted on the first occasion approximately $800. The defendant then went back on the second occasion and netted approximately $2,200, making a total amount of over $3,000 that was taken in these two bank robberies.

The defendant did confess, but confessed only when apprehended. He did not turn himself in. He had to be tracked down by the police and found.

The Court has already considered the fact that there was no good reason other than a criminal mind to commit these crimes to get money to, as the defendant has said, pay off or buy things for his family, but for whatever reason the defendant was much better situated than many people in this community in that he had full-time employment at the time that he committed these crimes. He was not in any way destitute, did not need work, had work and had had work for months prior to the commission of these crimes.

It is necessary, obviously, that this Court reassure the public that banks are a safe place to do business, that you can go there, that you will be safe, and that your money will be safe, and that these repositories are secure for the public and for the disposition of public funds.

The Court, having considered all of those things, finds that it cannot accept the position of the Commonwealth that concurrent sentences are in order. These are two separately planned crimes. Giving concurrent sentences under these circumstances would be like giving you a free crime to commit with no punishment involved whatever. The Court cannot do that, it cannot in terms of its duty to the public and to the criminal justice system and also to you, so that you know that when you commit a crime, you will be punished for it and you will not receive a free opportunity to commit a crime where there is no punishment imposed.

It is readily apparent, therefore, that the trial court considered the statute, the sentencing guidelines, appellant's history, and also the seriousness of his crimes. It

was for the sentencing court to weigh these factors and impose an appropriate sentence. It is not for a reviewing court to substitute its discretion for that of the trial court, but merely to ascertain that proper consideration was given to relevant factors. The Supreme Court has made it abundantly clear that a sentencing court's discretion is broad, and that a reviewing court should not disturb the exercise of that discretion except for substantial reasons. See, e.g.: *Commonwealth v. Ward*, 524 Pa. 48, 568 A.2d 1242 (1990); *Commonwealth v. Jones*, 523 Pa. 138, 565 A.2d 732 (1989); *Commonwealth v. Devers, supra.* No such reasons appear in the instant case. Where, as here, the sentencing court has considered necessary sentencing factors and has exercised conscientiously and correctly its sentencing prerogatives, the sentence will be affirmed.

Affirmed.

JOHNSON, J., joins this opinion and also the concurring opinion by OLSZEWSKI, J.

OLSZEWSKI, J., files a concurring opinion.

DEL SOLE, J., files a dissenting opinion in which FORD ELLIOTT, J., joins.

OLSZEWSKI, Judge, concurring:

I fully join in the majority opinion as to this case. I write only to address the dissent's contention that Pa.R.Crim.P. 319(b)(3) requires a trial court to allow a defendant to withdraw a guilty plea if the court cannot accept the nonbinding sentence recommendation made pursuant to the plea bargain.

Plea bargains result in a variety of promises being made to the accused in exchange for a plea of guilty.

In an open plea agreement, there is an agreement as to the charges to be brought, but no agreement at all to restrict the prosecution's right to seek the maximum sentences applicable to those charges. At the other end of the negotiated plea agreement continuum, a plea

agreement may specify not only the charges to be brought, but also the specific penalties to be imposed. *In between those extremes are various options, including* an agreement to make no recommendation or, as here, *an agreement to make a favorable but non-binding recommendation.*

*Commonwealth v. Porreca,* 389 Pa.Super. 553, 560, 567 A.2d 1044, 1047 (1989) (emphasis added). Such a non-binding favorable sentencing recommendation does give the accused a certain advantage.

> Though the sentencing court's discretion would remain unfettered in such a context, nonetheless, it would be exercised without the influence of argument for a stiff sentence which might counterbalance or even outweigh defense counsel's plea for leniency.

*Id.,* 389 Pa.Superior Ct. at 560 n. 3, 567 A.2d at 1047 n. 3. The dissent's position would, in effect, write this option out of existence.

A plea bargain progresses, to a large extent, similar to other negotiations. The relative strengths of the parties are often determinative of the terms of the agreement. The dissent's position interferes with this negotiation. A court would be required to allow a defendant to withdraw his guilty plea if the court will not agree to the non-binding sentence recommendation. In effect, this gives the accused that which he could not obtain at the bargaining table: a promise of the specific penalty to be imposed in exchange for his guilty plea; a promise over and above the benefit he already obtained by the recommendation. If the best bargain the accused can obtain is a promise of a non-binding recommendation, the trial court should not be obligated to improve his position. "Rule 319(b)(3) does not give the defendant a right which is greater than the terms of the plea bargain itself." Majority at 475. It cannot, in effect, convert a non-binding recommendation into a binding one.

The trial court engaged in an extensive colloquy emphasizing the fact that it would not be bound to accept the sentencing recommendation. This was the best deal McClendon could obtain through negotiation. Assuredly,

he hoped the trial court would adopt the recommendation; however, he stated at least four times that he understood the risk he was taking. Majority at 478. The Commonwealth having performed its end of the bargain, McClendon is bound by his.

JOHNSON, J., joins.

DEL SOLE, Judge, dissenting:

I dissent from the Majority Opinion because I believe that the rules of Criminal Procedure and the relevant case-law, from both the Pennsylvania Supreme Court and this court, require a contrary result. Where the Commonwealth makes a non-binding recommendation as part of the plea bargain and the trial court elects to reject that recommendation, the court should advise the defendant of its decision refusing to adopt the recommendation and allow the defendant's plea to be withdrawn. Any contrary result creates a situation where a defendant has, in fact, received no plea "bargain" and may give up substantial rights on a promise which has no effect.

In the instant case the charges lodged against Appellant stemmed from two separate bank robberies in which it was alleged that Appellant demanded a certain sum of money from a bank teller. Appellant entered a guilty plea to both charges pursuant to an agreement that the Commonwealth would come before the court at sentencing and recommend that the sentences on the two counts run concurrently. During the colloquy Appellant was advised that the sentencing judge could "reject our recommendations and impose any sentence up to the maximum allowed by law." N.T. 5/6/89 at 9. Likewise the Appellant signed a form which contained the following language:

I understand that the Judge is not bound by the terms of any plea bargain unless he chooses to accept it. The Judge will announce his decision at the conclusion of the plea colloquy which follows my signing this paper. If the Commonwealth agrees to make a sentencing recommendation on my behalf, the Judge will not be bound by this recommendation and I understand that I will not be

permitted to withdraw my guilty/no contest plea if this should occur.

A nearly identical form was presented to a defendant in the case of *Commonwealth v. Osteen*, 381 Pa.Super. 120, 552 A.2d 1124 (1989). In that case, as in the one before us, the defendant was told that the judge was not bound by the Commonwealth's recommended sentence. On appeal the defendant made a claim that his sentences were excessive since the court had rejected the prosecution's sentencing recommendations. This court found that the appellant's claim was not a challenge to the excessiveness of the sentence; rather, it was addressing the validity of the plea. The court ruled that "[i]f, in fact, the plea agreement had been violated, the proper course for appellant to have taken would have been to move to withdraw his 'no contest' plea within ten days of sentencing. No such motion was filed." *Id.*, 381 Pa.Superior Ct. at 552 A.2d 1127 (citations omitted.) Although not instrumental to its decision, the *Osteen* court further stated, that a motion to withdraw would not have been appropriate in the case because "appellant received precisely what he was promised under the plea agreement." *Id.* Since the prosecutor did as promised and made the recommendation, the court found that the plea bargain created no expectation as to the actual sentence and that the appellant could not have been permitted to withdraw his plea "based upon the the trial court's rejection of the prosecution's recommendation...." *Id.*, 381 Pa.Superior Ct. at 522 A.2d 1128.

I conclude that this language contained in *Osteen* was contrary to established case-law and, to the extent that it provides otherwise, *Osteen* should be overruled. A refusal to permit a withdrawal of a plea after a court refuses to accept the terms of a plea agreement, including a sentencing recommendation, violates Pa.R.Crim.P. 319(b). That rule provides:

**(b) Plea Agreements.**

(1) The trial judge shall not participate in the plea negotiations preceding an agreement.

(2) When counsel for both sides have arrived at a plea agreement they shall state on the record in open court, in

the presence of the defendant, the terms of the agreement. Thereupon the judge shall conduct an inquiry of the defendant on the record to determine whether he understands and concurs in the agreement.

(3) If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. *If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea.*

(emphasis added.)

In the case before us, unlike *Osteen,* Appellant did file a motion to withdraw his plea within 10 days of his sentencing. Appellant alleged that his plea agreement was well reasoned since in return for the recommended concurrent sentences the Commonwealth obtained his guilty plea to robbery in a case where the facts indicated little evidence of force or threat of force. In his motion Appellant states that the court was apprised of the fact that the plea agreement recommended concurrent sentences and that the court did not give any indication that it would reject this recommendation when accepting his plea; but later, at sentencing, made such a rejection.

Appellant's allegations are supported by the record. At sentencing the court went on to discuss that Appellant a 30 year old married father of six children, who was employed and had obtained an associates degree from college, had no prior criminal history whatsoever. Nevertheless, despite these facts and the Commonwealth's recommendation, the court stated: "having considered all of those things, [the court] finds that it cannot accept the position of the Commonwealth that concurrent sentences are in order." N.T. 5/12/89 at 17. Although the court was free to refuse to accept the Commonwealth recommendation which was the basis of the plea bargain, Appellant was entitled to withdraw his plea in this event.

Rule 319(b)(3) states that a judge may accept the plea, but that if he or she later decides not to concur in the plea

agreement, the defendant shall be permitted to withdraw the plea. The "agreement" of which Rule 310 speaks encompasses situations such as the instant one where the basis of the agreement is a promised recommendation. In *Commonwealth v. Bennett*, 512 Pa. 525, 517 A.2d 1248 (1986) our supreme court stated:

> The Commonwealth initially argues that Rule 319(b)(3) does not apply to the type of plea agreement involved herein, which it characterizes as a mere non-binding, open-ended recommendation. The Commonwealth's argument is without merit. The comment to Rule 319 states that the terms of a plea agreement as contemplated by the rule include promises of a charge reduction, the dropping of charges, and the *promise of 'a recommendation of a lenient sentence.'*

*Id.,* 512 Pa. at 532, 517 A.2d at 1251. (emphasis added.)

The *Bennett* court in its decision cited with approval a superior court case, *Commonwealth v. Fazenbaker*, 248 Pa.Super. 433, 375 A.2d 175 (1977). Therein the trial court accepted a guilty plea and then later sentenced the defendant in excess of the Commonwealth's promised recommendation. The judge at sentencing stated that he acknowledged the recommendation made by the district attorney, but declined to follow the plea bargain. Upon review the superior court found that Rule 319(b)(3) requires that when a court rejects the terms of a plea agreement, it must grant a timely petition for withdrawal of the guilty plea. The *Fazenbaker* court stated:

> It is necessary corollary to Rule 319(b)(3) that if the court decides not to accept the recommended disposition of the plea agreement it must make its decision known to the defendant and his counsel before sentencing so that the defendant has an opportunity to petition to withdraw the plea.

*Id.,* 248 Pa.Superior Ct. at 436, 375 A.2d at 176.

The same rationale was applied by this court in an earlier decision in *Commonwealth v. Sutherland*, 234 Pa.Super.

520, 340 A.2d 582 (1975). There the court acknowledged that "a sentence recommendation is among the 'terms' of a plea bargain and the Rule provides that if the judge cannot concur in the bargain, he must afford the defendant an opportunity to withdraw." *Id.*, 234 Pa.Superior Ct. at 525, 340 A.2d at 584–585.

As these cases demonstrate, Rule 319(b)(3) requires the judge to permit a defendant to withdraw a plea where the judge is unable to comply with the agreement on which the plea was based. The agreement in this case recommended that concurrent sentences be imposed. The sentencing court acknowledged this recommendation but refused to accept it. Under these circumstances rule 319(b)(3), and the case-law interpreting it, require that Appellant be afforded the opportunity to withdraw his plea. The Rule grants Appellant this right which he sought to exercise, and he must be permitted to withdraw his plea despite being informed otherwise. Appellant gave up his right to a jury trial in return for a recommended sentence. Although Appellant was promised only a recommendation, when the court determined that it would not carry through with this recommendation, it should have advised appellant of its decision and should then have called upon him to affirm or withdraw his plea. By doing this before imposing sentence, the defendant would not be using the plea to test the sentence. Also, I would point out that the Majority's distinction between an agreed to sentence and a recommended sentence is a distinction without a difference, since the Commonwealth cannot guarantee that the trial court would be bound in either case. Even a sentence agreed to by the Commonwealth is only a recommendation to the trial judge. In my view, the defendant is not bargaining for a recommendation but is, in reality, bargaining for a sentence. Because the court did not agree with the recommendation and did not inform Appellant of its position before sentencing, I would vacate Appellant's judgment of sentence and remand this case to the trial court with instructions to permit Appellant to withdraw his guilty plea.

FORD ELLIOTT, J., joins.