J. S06041/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TARON K. COLEMAN, | : | |
| | : | |
| Appellant | : | No. 1063 EDA 2014 |

Appeal from the Judgment of Sentence May 6, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0006681-2010

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED FEBRUARY 13, 2015**

Appellant, Taron K. Coleman, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his open plea of guilty to third-degree murder.[1]   He challenges the discretionary aspects of his sentence of twelve to thirty years' imprisonment.  We affirm.

We adopt the facts and procedural history set forth in the trial court's decision.  **See** Trial Ct. Op., 8/6/14, at 1-2, 4.  After the Post Conviction Relief Act[2] ("PCRA") court reinstated Appellant's direct appeal rights,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

[2] 42 Pa.C.S. §§ 9541-9546.

Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issue:

> Is [A]ppellant entitled to a remand for resentencing since the sentence imposed by the trial court is excessive, unreasonable and not reflect of [A]ppellant's character, history and condition?

Appellant's Brief at 4. For his sole issue, Appellant contends the trial court failed to consider his character, placed undue emphasis on the seriousness of the offense, and did not satisfy the sentencing factors. We hold Appellant is due no relief.

This Court has stated that

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

***Commonwealth v. Evans***, 901 A.2d 528, 533-34 (Pa. Super. 2006) (some citations and punctuation omitted).

> [T]he Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . .

***Commonwealth v. Googins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** at 727.

Instantly, Appellant timely appealed, preserved his issue in his post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. ***See Evans***, 901 A.2d at 533. Appellant's Rule 2119(f) statement complies with ***Googins*** as it contends his sentence was disproportionate and not individualized to the circumstances. Appellant has raised a substantial question by asserting that his sentence was contrary to the fundamental norms underlying the sentencing process. ***See Googins***, 748 A.2d at 727. Accordingly, we examine the merits.

After careful review of the record, the parties' briefs, and the opinion of the Honorable Steven R. Geroff, we affirm on the basis of the trial court's opinion. See Trial Ct. Op. at 1-3 (holding Appellant's prior record, multiple

J. S06041/15

arrests while on probation, similarity to prior offense, five infractions while incarcerated, and results of presentencing investigation report justified sentence). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2015

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CRIMINAL SECTION

COMMONWEALTH OF         :        CP-51-CR-0006681-2010
PENNSYLVANIA               :
                            :
                            :
vs.                      :
                            :
                            :       SUPERIOR COURT
TARON COLEMAN            :       NO. 1063 EDA 2014

**FILED**

AUG 0 6 2014       O P I N I O N

Criminal Appeals Unit
First Judicial District of PA

CP-51-CR-0006681-2010 Comm. v. Coleman, Taron K
Opinion



7182655751

GEROFF, J.                                  AUGUST 6, 2014

## I. PROCEDURAL HISTORY

On March 8, 2011, Defendant entered into an open guilty plea to murder of the third degree. On May 6, 2011, Defendant was sentenced to a term of incarceration of not less than twelve (12) and not more than thirty (30) years. On May 9, 2011, trial counsel filed a timely motion for reconsideration of the sentence imposed. On May 19, 2011, the sentencing court denied the motion for reconsideration. Thereafter, no direct appeal was filed.

On February 23, 2012, Defendant filed a timely *pro se* PCRA petition. Janis Smarro, Esquire was appointed to represent Defendant. On October 30, 2013, Janis Smarro filed an amended PCRA petition raising claims of ineffective assistance of counsel. On March 20, 2014, this court reinstated Defendant's appellate rights; Defendant filed a timely 1925 (b) statement.

## II.   ISSUE

Defendant raises a single claim for appellate review—the sentence imposed was unreasonable and excessive. Defendant contends that the sentence did not take into account his character, history and condition and that the sentencing court impermissibly relied on factors already contained within the Prior Record Score and Offense Gravity Score in arriving at the sentence. According to Defendant, his character, history and condition warranted a sentence less than twelve (12) years.

## III.   DISCUSSION

The right to appeal the discretionary aspects of a sentence is not absolute. *Commonwealth v. Shugars*, 895 A.2d 1270, 1274-79 (Pa. Super. Ct. 2006). When a challenge to the discretionary aspects of a sentence is raised, allowance of appeal will be granted only if the appellate court can glean that a substantial question exists that the sentence is not appropriate under the Sentencing Code. 42 PA. C.S.A. § 9781 (b); a "substantial question" exists as to the propriety of the sentence where a plausible argument is proffered by the Defendant that the sentence violates a particular provision of the Sentencing Code or is contrary to the base, fundamental norms which underlie the sentencing scheme. *Commonwealth v. Boyer*, 856 A.2d 149 (Pa. Super. Ct. 2004). A sentence which is "manifestly excessive" has been held to raise a substantial question warranting allowance of appeal. *Id.* Since the challenged sentence was within the Sentencing Guidelines, the appellate court shall affirm the sentence imposed unless the case involves circumstances where applying the guidelines would be "clearly unreasonable." 42 PA. C.S.A. § 9781 (c)(2).

The court is vested with broad discretion in sentencing criminal defendants, because the

2

trial court is in the best position to determine the proper penalty based on the individual circumstances of the case. *Commonwealth v. Ward,* 568 A.2d 1242, 1243 (Pa. 1990). The court must follow the general principles outlined in the Sentencing Code that the sentence imposed should call for confinement consistent with: (1) the protection of the public; (2) the gravity of the offense as it relates to the impact on the life of the victim and the community; and (3) the rehabilitative needs of the defendant. 42 PA. C.S.A. § 9721 (b). The Sentencing Guidelines are not mandatory, and the trial court retains broad discretion in sentencing matters and may sentence outside the Guidelines should the individualized facts and circumstances require. 42 PA. C.S.A. § 9721(b); *Commonwealth v. Ellis,* 700 A.2d 948, 958 (Pa. Super. Ct. 1997).

Where a sentence is within the standard range of the Guidelines, the law in this jurisdiction views the sentence as appropriate. *Commonwealth v. Cruz-Centeno,* 668 A.2d 536 (Pa. Super. Ct. 1995) (stating that the combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable). An allegation that a sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question warranting appellate review. *Commonwealth v. McNabb,* 819 A.2d 54, 57 (Pa. Super. Ct. 2003). When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. *Commonwealth v. Moury,* 992 A.2d 162, 171-72 (Pa. Super. Ct. 2010). The character of the Defendant incorporates such factors as his prior criminal record, age, personal characteristics, and potential for rehabilitation, all of which should be weighed in the calculus to reach an appropriate sentence; when the court had the benefit of a Pre-Sentence Investigation Report, it is presumed that the court was aware of relevant information contained within and weighed those considerations along with any mitigating circumstances. *Commonwealth v. Ellis,* 700 A.2d 948 (Pa. Super. Ct. 1997). Those who come

3

with a pattern of serious conduct are to be judged more harshly than those whose conduct evidences no such pattern. *Commonwealth v. Phillips*, 492 A.2d 55 (Pa. Super. Ct. 1985). When a prior record score does not adequately represent Defendant's criminal background, both the Sentencing Guidelines and case law authorize the court to consider unprosecuted criminal conduct. *Commonwealth v. P.L.S.*, 894 A.2d 120, 131 (Pa. Super. Ct. 2006).

The facts in this case are not in dispute. On the night in question, the Defendant's brother was forcibly removed from his home and beaten. In response, the Defendant took to the streets with a weapon; he threatened to shoot anyone who did not get off the streets and return to their homes. Rasheed Farrell unwarily walked into the center of the commotion on the streets and did not hear the Defendant's rants. The Defendant shot and killed Mr. Farrell, a person unconnected to the incident involving Defendant's brother; Mr. Farrell's death was a by-product of the Defendant's uncontrollable anger and Mr. Farrell's presence at that point in time where Defendant sought to wage war on anyone in his sights. The Defendant fired four shots, all of which struck Mr. Farrell. (N.T. 05/06/2011, pp. 7-8, 19-20).

Defendant had a prior record score of one (1) and the offense gravity score was fourteen (14). The Sentencing Guidelines called for a minimum sentence between 8½ to 20 years. Defendant was sentenced to a term of not less than 12 years and not more than 30 years in prison. (N.T. 05/06/2011, pp. 6, 24).

A presentence investigation report (PSI) was ordered. The PSI stated that the Defendant's formidable years were mired in a very dysfunctional environment—his mother was addicted to drugs, his father was in and out of prison for drug convictions, and a history of domestic violence existed between his mother and his mother's boyfriend. (N.T. 05/06/2011, pp. 4-6).

The mental health report stated that the Defendant, then 23 years old, had been on his

4

own since he was fourteen. The Defendant is unmarried even though he has three (3) confirmed children with two women and possibly a fourth child with another female; there is also a history of domestic violence with one of the females with whom he was involved. Defendant dropped out of high school in the tenth grade, attended special classes for students with learning disabilities and emotional disturbances while in school, and was determined to have a second grade reading level when tested in the tenth grade. According to the mental health exam, Defendant has deficiencies in short- and long-term memory and has developed emotional solutions when placed under stress. (N.T. 05/06/2011, pp. 4-6).

Defendant's ability to abide by societal norms is speckled and suspect; notwithstanding the two convictions incorporated into the prior record score, Defendant has had multiple arrests and was on probation when the instant offense was committed. After the instant crime was committed, Defendant was charged with VUFA and subsequently pled guilty, a conviction which is not represented in the prior record score. The incident surrounding the VUFA conviction cannot be discounted; in a fashion exactly like the incident in the case *sub judice*, Defendant took to the streets, yelling and screaming for people to vacate while waving and pointing a weapon at bystanders. The only difference between the two cases is the result. Furthermore, even after killing Mr. Farrell, Defendant engaged in the same rants and conduct again on a public street waving around a weapon. (N.T. 05/06/2011, pp. 6, 19-23).

Defendant has been incarcerated since 2008. As of January 2011, Defendant was charged with five separate infractions including carrying a weapon (a sharpened piece of plastic), assaulting a prison guard, and fighting with prisoners. Only one of the infractions was classified as minor. (N.T. 05/06/2011, p. 22).

Defendant also supported his own drug addiction by selling drugs. Defendant's drug

5

habit started when he was 12 years old. (N.T. 05/06/2011, pp. 20-21).

The gravity of the offense to the victim and the public cannot be overstated. Defendant's anger was obvious and apparent, but the manner which he addressed his feelings was to wage a war against anyone on the street while waving around a firearm to command control. Defendant's anger found focus on one innocent bystander who ventured into the public area Defendant had commandeered as his own. Most notably, Defendant's anger was not focused on any one individual or group of people; it was intended to quell his own internal distress by placing the entire population in that area under his game of Russian roulette. No one in particular was the focus of Defendant's venom; every person in the area was given an equal opportunity to suffer the fate that befell Mr. Farrell.

Likewise, Defendant's character and conduct required a sentence which would balance the public interest in protection and the Defendant's rehabilitative needs. The foregoing instances of uncharged and/or unscored conduct portray an image of the Defendant who addresses his own internal anger with weapons and public displays used to instill fear. After the instant murder, Defendant took to the streets again, ranting in public and waving a weapon. Petitioner's prior convictions along with the murder before the sentencing court did nothing to rehabilitate the Defendant to change his ways. In prison, Defendant has sought out redress in five noted infractions through the use of weapons and fighting.

Defendant contends that his character, history and condition warrant a sentence less than 12 to 30 years. Defendant also contends that the court impermissibly based the sentence on factors which are already incorporated in the Prior Record Score and Offense Gravity Score. Both claims are wholly without merit. The Defendant's character shows multiple instances where his solution to a given situation was a return to violence. The Defendant's prior record,

age, family history, education and remorse are factors which may explain why the Defendant chose the avenue he pursued *at certain times*, but it clearly does not explain why he has chosen that same *modus operandi* both *repeatedly and consistently*. Both unscored and uncharged crimes are permissible factors which the court may consider when choosing the appropriate sentence; by definition, unscored and uncharged criminal conduct are offenses which *cannot be incorporated* in a Prior Record Score. Even more troublesome is the fact that the Defendant, after murdering Mr. Farrell, engaged in the same conduct, only to stop short of murder in this subsequent event; it seems far from likely that the Defendant's engagements with the criminal justice system have imbued any level of rehabilitation which the Criminal and Sentencing Codes seek to impress upon the Defendant.

This court firmly believes that the sentencing court did not abuse its discretion; the sentencing court found a sentence which transmitted the severity of the Defendant's conduct while also allowing the Defendant to utilize the numerous opportunities for education and rehabilitation available in the state prison system.

BY THE COURT,

STEVEN R. GEROFF,     J.

7