J-S35035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHEKIR THOMAS, | : | |
| | : | |
| Appellant | : | No. 1957 EDA 2015 |

Appeal from the Judgment of Sentence May 8, 2015
in the Court of Common Pleas of Lehigh County,
Criminal Division, No(s): CP-39-CR-0003775-2014

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: May 11, 2016**

Shekir Thomas ("Thomas") appeals from the judgment of sentence imposed following his guilty plea to attempted murder and robbery.[1] We affirm.

On July 5, 2014, Thomas forced his way into a home and robbed Shane Dugan ("Dugan") at gunpoint. When Thomas exited the house and observed police officers outside, he retrieved a gun from his pocket and pointed it at Officer Jason Ammary ("Officer Ammary"). Thomas pulled the trigger, but the gun did not fire. While in custody, Thomas admitted that he had tried to shoot Officer Ammary.

On March 23, 2015, Thomas pled guilty to attempted murder and robbery. Thomas entered an open plea to attempted murder, and in return for the robbery plea, the Commonwealth agreed that the sentence would fall

---

[1] 18 Pa.C.S.A. §§ 901, 3701(a)(1)(ii).

within the standard range of the guidelines. There was no agreement as to whether the sentences would run concurrently or consecutively. The trial court postponed sentencing and ordered a pre-sentence investigation report ("PSI"). On May 8, 2015, after reviewing the PSI, the trial court sentenced Thomas to 10 to 20 years in prison on the attempted murder conviction.[2] The trial court sentenced Thomas to 5 to 20 years in prison on the robbery conviction, to run consecutive to the attempted murder conviction.[3]

Thomas filed a Motion for Reconsideration of Sentence, which the trial court denied. Thomas subsequently filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Thomas raises the following question for our review:

Whether the [trial court] abused its discretion in imposing a manifestly excessive and unreasonable sentence for the [a]ttempted [h]omicide charge[,] which is at the statutory maximum limit and imposed consecutively[,] when the [trial court] failed to consider any significant mitigating factors, failed

---

[2] Thomas's prior record score was one. For the attempted murder conviction, the offense gravity score was 13. Because Thomas used a gun, the deadly weapon used enhancement applied, and the standard range of the sentencing guidelines recommends a minimum sentence of 7 to 8½ years. *See* 204 Pa. Code § 303.17(b). The statutory maximum sentence for attempted murder of a law enforcement officer where no serious bodily injury results is 20 years. *See* 18 Pa.C.S.A. § 1102(c).

[3] For the robbery conviction, the offense gravity score was 10. Because Thomas used a gun to commit the robbery, the deadly weapon used enhancement applied, and the standard range of the sentencing guidelines recommends a minimum sentence of 4 to 5 years. *See* 204 Pa. Code § 303.17(b). The statutory maximum sentence is 20 years. *See* 18 Pa.C.S.A. § 1103(1).

to apply and review any of the necessary factors as set forth in 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S.A. § 9781(c) and (d)[,] or otherwise failed to set forth appropriate reasons for its deviation from the standard sentencing ranges and sentenced [Thomas] only based upon the [trial court's] perceived belief as to the seriousness of the crime?

Brief for Appellant at 7.

Thomas's claim challenges the discretionary aspects of his sentence.[4]

*See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Mastromino*, 2 A.3d 581, 585 (Pa. Super. 2010).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

\* \* \*

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or

---

[4] Thomas entered an open guilty plea for attempted murder, so his plea did not preclude a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

(2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Thomas filed a timely Notice of Appeal, presented his claim in a Motion for Reconsideration of Sentence, and included a Rule 2119(f) Statement in his brief. Thomas claims that he presented a substantial question because the trial court failed to set forth legally or factually supported reasons for imposing the statutory maximum sentence. Brief for Appellant at 10. Thomas also argues that the trial court ignored relevant mitigating factors, and only considered its perception of the heinousness of the offense in imposing the sentence. *Id.*

"This Court has held that claims that the sentencing court imposed a sentence outside the standard guidelines without stating adequate reasons on the record presents a substantial question." *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014). Here, because the sentence on the attempted murder conviction falls outside of the standard range of the sentencing guidelines, Thomas has presented a substantial question with regard to his sentence imposed on the attempted murder charge. *See id.*

Our standard of review of a challenge to the discretionary aspects of sentence is will-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007). "In every case in which the court imposes a sentence for a felony … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. Mouzon*, 812 A.2d 617, 620-21 (Pa. 2002) (plurality). "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Commonwealth v. McClendon*, 589 A.2d 706, 712 (Pa. Super. 1991) (internal citations and quotation marks omitted). Additionally, "[w]here pre-sentence reports exist, we shall … presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

Upon our review, we conclude that the trial court adequately set forth, on the record, its reasons for imposing a sentence above the standard

guidelines. The trial court indicated that it reviewed the PSI and considered all relevant factors. *See* N.T., 5/8/15, at 27-28; *see also Devers, supra* (stating that where the trial court had the benefit of a PSI, we presume that the trial court was aware of, and considered all relevant factors, and "[h]aving been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed."). Specifically, the trial court noted the seriousness and gravity of the attempted shooting of Officer Ammary, and the officer's subsequent mental harm. *See* N.T., 5/8/15, at 28-29; *see also id.* at 7 (wherein Officer Ammary testified about the toll of having a gun pointed at him). The trial court also stated that Thomas has committed repeated assaultive behavior while in prison, is a danger to society, and that the community needs to be protected from him. *See id.* at 29. Therefore, the trial court did not abuse its discretion in sentencing Thomas outside of the standard range for the attempted murder conviction.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2016