J-S44030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS BRADLEY, | : | |
| | : | |
| Appellant | : | No. 3498 EDA 2017 |

Appeal from the Judgment of Sentence August 25, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0003275-2017

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 03, 2018**

Thomas Bradley (Appellant) appeals from the judgment of sentence imposed after he pled guilty to possession with intent to deliver (PWID) a controlled substance, and criminal conspiracy to commit PWID.[1]  We affirm.

The trial court summarized the factual background as follows:

On Thursday, June 6th of 2016, the Bristol Township Police Narcotics Unit conducted an investigation into cocaine sales in the area of Bloomsdale.  This investigation was initiated after numerous complaints from residents reporting ongoing drug sales in the streets of Bloomsdale.

On Thursday, June 16th of 2016, [Bristol Township Police Detective Doug Slemmer] met with an undercover officer from the Bucks County Drug Unit at police headquarters.  The police officer was provided with buy money to purchase illegal drugs.  The police officer traveled by vehicle to the Bloomsdale section of Levittown in Bristol Township, Bucks County.  The police officer made contact with the defendants, Ira Brinson and [Appellant], on the

_____

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 903.

> 2400 bl[o]ck of Airacobra Street. Brinson and [Appellant] orchestrated a drug sale with the police officer, and the officer obtained cocaine from the defendants.
>
> The cocaine was field tested and did test positive for cocaine, and was later sent to the lab and also tested positive for cocaine . . . it was .13 grams.

Trial Court Opinion, 3/28/18, at 1-2.

On August 25, 2017, Appellant appeared before the trial court and pled guilty to the above crimes. That same day, the trial court sentenced Appellant to 5 to 15 years of incarceration. Appellant filed a timely post-sentence motion on September 5, 2017.[2] The trial court denied the post-sentence motion on September 25, 2017, after which Appellant filed this timely appeal. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.[3]

Appellant presents a single issue for our review:

_____

[2] Monday, September 4, 2017 was Labor Day.

[3] The trial court explained that it ordered Appellant's counsel to file a Pa.R.A.P. 1925(b) statement on October 27, 2017. However, "[t]he Office of the Public Defender, representing Appellant, mistakenly believed it had filed the Concise Statement on November 6, 2017. The Concise Statement was provided at this Court's request [and was filed *nunc pro tunc*] on February 18, 2018." Trial Court Opinion, 3/28/18, at 2 n.4. We note that the untimely filing of Appellant's court-ordered Rule 1925(b) statement does not automatically result in waiver. Where "the trial court accepts an untimely Rule 1925(b) statement and addresses the issues raised in its Rule 1925(a) opinion, we will not determine the issues to be waived." ***Commonwealth v. Sohnleitner***, 884 A.2d 307, 312 (Pa. Super. 2005), ***appeal denied***, 897 A.2d 456 (Pa. 2006). Here, as in ***Sohnleitner***, the trial court accepted Appellant's 1925(b) statement despite its untimeliness and addressed the issue raised. Therefore, we decline to conclude that Appellant's issue is waived. ***See id.***

Did the sentencing court abuse its discretion in imposing a sentence above the aggravated range of the applicable sentencing guidelines by not considering mitigating evidence, by relying on factors that were already contemplated by the available sentencing guidelines, and by placing improper weight on the testimony of the investigating detective at sentencing?

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. We recognize:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary

aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied,* 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Here, Appellant has complied with the first three prongs of the discretionary aspect test to invoke our jurisdiction by raising his issue in a timely post-sentence motion, filing a timely notice of appeal, and including in his appellate brief a Rule 2119(f) concise statement. In addition, by asserting that his sentence beyond the aggravated range is unreasonable given the mitigating circumstances, he has raised a substantial question. *See, e.g., Commonwealth v. Felmlee,* 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc)* (stating that a substantial question is raised where an appellant alleges that the sentencing court imposed a sentence in the aggravated range without adequately considering mitigating circumstances).

In his argument, Appellant recounts the procedural history of his case, and cites case law for general propositions relating to the discretionary aspects of sentencing. *See* Appellant's Brief at 9-11. With regard to the specifics of his claim, Appellant's entire argument states:

> The sentencing court in this case imposed a sentence above the aggravated range of the applicable guidelines by not considering mitigating factors. Appellant presented mitigating evidence in this case by testifying to his various health ailments that he was being treated for while in custody. (N.T. 8/25/17 pp. 31-32). Moreover, Appellant pled guilty to the charges and took responsibility for the crime [sic] he committed.
>
> The sentencing court also by relied [sic] on factors already contemplated by the available Sentencing Guidelines and placed improper weight on the testimony of the investigating detective. The sentencing court noted Appellant's prior record and took into consideration Detective Douglas Slemmer's testimony and request that Appellant be sentenced to the maximum penalty. (N.T. 8/25/17 pp. 43-44). During his testimony, Detective Slemmer noted that ". . . it's been nothing but violent crimes . . ." when referring to Appellant. (N.T. 8/25/17 pp. 25). It should be noted, however, Appellant's last violent conviction was in 1987. (Id. at pg. 22). Though Appellant has a few convictions for drug related crimes, his last conviction for drugs was in 1997, about ten years prior to the conviction in this matter.

*Id.* at 12-13.

The Commonwealth, in response, states that the trial court "properly acted within its discretion in imposing a reasonable sentence, albeit above the guidelines' aggravated range, where the sentence reflected Appellant's long history of dealing drugs, the likelihood of his reoffending, and the impact his criminal conduct had on the community." Commonwealth Brief at 6.

We review a challenge to a sentence that falls outside of the guidelines

mindful of the following:

> The sentencing guidelines are not mandatory, and sentencing courts retain "broad discretion in sentencing matters, and therefore, may sentence defendants outside the [g]uidelines." [**Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617, 620-21 (2002); **see** 42 Pa.C.S. §9721(b)] (citing **Commonwealth v. Ellis**, 700 A.2d 948, 958 (Pa.Super.1997)). "In every case where the court imposes a sentence ... outside the guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b). However, "[t]his requirement is satisfied 'when the judge states his reasons for the sentence on the record and in the defendant's presence.'" **Commonwealth v. Widmer**, 446 Pa. Super. 408, 667 A.2d 215, 223 (1995), **reversed on other grounds**, 547 Pa. 137, 689 A.2d 211 (1997). Consequently, all that a trial court must do to comply with the above procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court. **See Robinson**, 931 A.2d at 26 (quoting **Commonwealth v. Walls**, 846 A.2d 152, 158 (Pa.Super.2004), **reversed on other grounds**, 592 Pa. 557, 926 A.2d 957 (2007)) ("If a court chooses to sentence a defendant outside of the sentencing guidelines, it should state on the record adequate reasons for the deviation.").
>
> "When imposing sentence, a court is required to consider 'the particular circumstances of the offense and the character of the defendant.'" **Commonwealth v. McClendon**, 403 Pa.Super. 467, 589 A.2d 706, 712–13 (1991) (*en banc*) (quoting **Commonwealth v. Frazier**, 347 Pa.Super. 64, 500 A.2d 158, 159 (1985)). "In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." **Id.**

**Commonwealth v. Antidormi**, 84 A.3d 736, 760–61 (Pa. Super. 2014),

**appeal denied**, 95 A.3d 275 (Pa. 2014).

Consistent with the foregoing, and upon review of the record, we agree

with the Commonwealth that Appellant's sentencing claim does not merit

relief. The crux of Appellant's argument – that the trial court disregarded mitigating factors and improperly relied on the statements of Detective Slemmer – is not supported by the record.

First, we note that Appellant references Detective Slemmer's comments, particularly his statement that "it's been nothing but violent crimes," out of context. Detective Slemmer's testimony reads:

> Your Honor, I appreciate you taking the time here. I'm sure you're aware of it; if not, I'll inform the Court. Bloomsdale is a federally-funded Weed & Seed area. It's been designated that for close to 20 years, maybe more, due to the fact for the propensity for high drug sales and a violent area.
>
> In 2009, we were approved for a grant. We put cameras down in the area to try to prevent the ongoing open air drug sales. That being said, the residents down there have just been – in my 16 years have just been in constant ongoing battles with the drug dealers in the streets of Bloomsdale.
>
> I'm here to speak before you [and] to respectfully request a maximum sentence for [Appellant]. Since 19 – going back to the '80s, **it's been nothing but violent crimes**, and, respectfully, this is the sixth or seventh possession with intent to deliver in the same streets, which I think – I would ask the Court to recognize. On the same streets, in the same neighborhood, **he's terrorizing the residents by the actions of the sale of cocaine**, and I would respectfully request, Your Honor, and this Court, to consider a maximum sentence for [Appellant]. It is – like I said, it's unusual, but, I mean, in the same streets, we've been dealing with [Appellant] since 1980, and enough is enough. It's – he does not get it with probation, parole, or you know, being treated or, you know, things in prison and stuff like that. But Bristol Township has done its fair share of trying to eradicate the drug sales in Bloomsdale, and having [Appellant] on the streets is a detriment. . . . [T]here w[ere] children in the streets while this drug sale went on. Luckily, it was an undercover officer that was in the car, but Bloomsdale area, we've had close to a dozen homicides in the last 10, 12 years with, you know, relations to narcotics, and people often ask how do the kids get caught up in

this. And this is a prime example. If you watch the video, while [Appellant] and [his co-defendant] are dealing cocaine, there's young children in front of – in the streets playing. So, I mean, it's disheartening to see, but it makes sense. A lot of times when you hear it on the news or anywhere else, but that's why we're having such a problem down there.

N.T., 8/25/17, at 24-27 (emphasis added).

From the above testimony, read as a whole, it is clear that Detective Slemmer referenced the selling of drugs as a crime of violence based on the impact of chronic, illegal drug sales on the Bloomsdale community, including the correlation between the selling of drugs and crimes of violence. The trial court said that it was "aware of and familiar with that area of Bristol Township and the devastating effect that drug dealing has had on that area." N.T., 8/25/17, at 40. Moreover, the trial court addressed Appellant's allegation concerning the detective's testimony, and expressly stated that "[c]ontrary to Appellant's assertion, [the court] did not give undue weight to the testimony of Detective Slemmer." Trial Court Opinion, 3/28/18, at 6. The trial court further stated, "I understand the detective's remarks regarding [Appellant's] history of violent offenses; however, I note that those offenses are many years ago, probably 30 years ago, and I believe that [Appellant is] not involved in that same type of violence." N.T., 8/25/17, at 45.

With regard to mitigating factors, as Appellant indicated, he testified to being 56 years old, having a "bad heart, high blood pressure" and being on "a lot of medication, like 15 pills." *Id.* at 32. He testified that his last drug conviction was in 2007, and he was "just caught up" when he was arrested in

this case. *Id.* at 31-33. When asked by the court to explain what he meant, Appellant stated that he "didn't make no sale," and "didn't do nothing." *Id.* at 34. He then became contrite, stating: "I made mistakes . . . I messed up. You know, I admit I messed up. I'm apologizing, putting myself on the mercy of the court." *Id.* at 35.

Again, and contrary Appellant's argument, the record belies Appellant's claim that the trial court failed to consider mitigating factors when it imposed Appellant's sentence. In addition to its commentary about other statutory considerations, the court addressed Appellant:

> . . . I give you credit for the fact that you have accepted responsibility and entered a plea of guilty here. If, in fact, you had taken a trial, and you had been convicted by either the judge or a jury, I would seriously consider giving you seven-and-a-half to 15 years. But I will give you credit for your acceptance of responsibility.
>
> I consider your health issues, but as I previously stated, the impact of your crimes on the Bloomsdale community ha[s] been significant. You have shown a pattern of repeat behavior. I believe that you would continue to reoffend. I believe that you would continue to sell drugs, and I believe that it is necessary for me to remove you from the community for the good of that community.
>
> When I consider the nature and the circumstances of the crime, and the history, character and condition of [Appellant], and I understand the detective's remarks regarding your history of violent offenses; however, I note that those offenses are many years ago, probably 30 years ago, and I believe that you're not involved in that same type of violence. However, I believe there's an undue risk that you will commit another crime. I believe that you are in need of correction treatment that can be provided most effectively by your commitment to a state correctional institution, and that any lesser sentence would depreciate the seriousness of the crime.

N.T., 8/25/17, at 43-45.

Based on the foregoing, we find no merit to Appellant's claims that the trial court abused its discretion by improperly relying on the statements of Detective Slemmer and disregarding mitigating factors when it imposed Appellant's sentence. **See**, **e.g.**, **Felmlee**, **supra** (judgment of sentence in aggravated range affirmed where court noted mitigating factors and "carefully reviewed all the facts and made an intelligent decision as to sentencing"); **cf. Commonwealth v. Hyland**, 875 A.2d 1175 (Pa. Super. 2005) (judgment of sentence vacated where court "focused exclusively" aggravating factors and "virtually ignored" mitigating factors such as appellant's lack of prior criminal record, his age, his personal characteristics, and his life situation). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/18