J-A27016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN BELCHER | |
| Appellant | No. 320 EDA 2016 |

Appeal from the Judgment of Sentence June 9, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000373-2015

BEFORE: PANELLA, J., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED DECEMBER 30, 2016**

Kevin Belcher appeals from the judgment of sentence, entered in the Court of Common Pleas of Monroe County, following his conviction of two counts of retail theft.[1] 18 Pa.C.S.A. § 3929(a). After review, we affirm.

Belcher entered a plea of guilty to two counts of retail theft, both of which were graded as misdemeanors of the first degree. 18 Pa.C.S.A. § 3929(a).[2] The court sentenced Belcher to consecutive terms of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3929(a).

[2] Section 3929(b)(1) provides:

    (1)    Retail theft constitutes a:

*(Footnote Continued Next Page)*

imprisonment of twelve (12) to thirty (30) months on each count. Belcher

filed a motion for reconsideration of sentence, which was denied. On appeal,

Belcher raises the following issues:

> 1. Did the trial court err and abuse its discretion by accepting [Belcher's]guilty plea . . . and sentencing him to consecutive sentences thereon where such plea was entered on the promise of the sentences for his two pleas running concurrently?
>
> 2. Did the trial court err and abuse its discretion by sentencing [Belcher] to consecutive sentences partially based on an incident which was exaggerated and never demonstrated to, in fact, have happened?

Appellant's Brief, at 6.

> In order to permit withdrawal of a guilty plea after sentence has been entered, there must be a showing of prejudice that results in a manifest injustice to the defendant. To prove manifest injustice, a criminal defendant must show that his plea was involuntary or was entered without knowledge of the charge. However, once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Post-sentencing attempts to withdraw a guilty plea must sustain this more substantial burden of demonstrating manifest injustice because of the recognition that a plea withdrawal can be used as a sentence-testing device. It is axiomatic that a disappointed expectation regarding a sentence does not constitute grounds for withdrawing a guilty plea. If a plea of guilty could be retracted with ease after sentencing, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.

_(Footnote Continued)_ ───────────────

> (iii) Misdemeanor of the first degree when the offense is a first or second offense and the value of the merchandise is $150 or more.

18 Pa.C.S.A. § 3929(b)(1)(ii).

***Commonwealth v. McClendon***, 589 A.2d 706, 707 (Pa. Super. 1991)

(citations and quotations omitted).

Here, Belcher signed a Guilty Plea and Colloquy form, which states:

Commonwealth agrees to nolle pros charges at 356 CR 2015- Defendant will pay restitution in the amount owed to Walmart in 356 CR 2015; Commonwealth agrees to nolle pros 372 CR 2015- However as a condition defendant agrees to pay restitution; ***Commonwealth agrees to concurrent sentencing in this matter if court is so inclined***; Commonwealth and defendant stipulate that plea to both counts have OGS of "2" 1st/2ⁿᵈ offense – Defendant will pay restitution in all three cases to be assessed by probation at time of sentencing. All restitution to Walmart.

Guilty Plea and Colloquy, 4/9/15, at ¶ 4 (emphasis added). Additionally,

paragraph 8 of the Guilty Plea and Colloquy form provides:

NO SENTENCING AGREEMENT. I acknowledge that there are no agreements for sentencing except as may be set forth in paragraph 4 above. ***I understand that any agreement for sentencing is not binding on the Court and I have not been guaranteed a specific sentence in exchange for this plea. The Court retains the power to decide my sentence.***

***Id.*** at ¶ 8 (emphasis added).

Belcher signed the Guilty Plea and Colloquy Form, affirming that he

had read it in its entirety and understood it; Belcher's attorney also signed

the form, indicating that he had explained the agreement to Belcher. ***See***

***id.***, at ¶ 14. The sentencing court was aware of the plea and colloquy form

and was informed by a presentence investigation (PSI). The PSI indicated

Belcher had a criminal history spanning 30 years, which included 14

convictions. Additionally, the court was aware of an incident in county jail

while Belcher was awaiting sentencing that resulted in a punishment of 28 days in restrictive housing.

Pursuant to the express terms of the agreement, the Commonwealth was not required to affirmatively request or recommend that concurrent sentences be imposed. The colloquy form provided in clear terms that the court was not bound by any agreement and that no specific sentence was guaranteed. The colloquy form specifically stated that the Commonwealth was not opposed to concurrent sentences if the judge were so inclined. *Id.* at ¶ 4. Where the terms of a plea agreement state specifically that the court is not to be bound by the Commonwealth's sentencing recommendation, the defendant acquires no right to have his plea withdrawn if a more severe sentence is imposed. *McClendon*, *supra*.

In order to establish manifest injustice, Belcher must demonstrate that the plea was not voluntary or that it was entered without knowledge of the charge. *Commonwealth v. Shaffer*, 446 A.2d 591 (Pa. 1982). Belcher has made no such showing; in fact he has never contended that his plea was involuntary or made without knowledge of the charges. Instead, he has claimed that the court was bound to sentence him concurrently under the terms of the plea agreement. This argument is belied by the express terms of the written guilty plea colloquy form. We cannot ignore the colloquy form in this case as to do so would render the document superfluous and meaningless. Williams got nothing less than what he bargained for. *Cf. Commonwealth v. Gunter*, 771 A.2d 767 (Pa. 2001) (nolo contendere plea

was involuntary, and thus, denial of defendant's post-sentencing motion to withdraw plea was manifest injustice; there was no oral colloquy and written colloquy did not explain to defendant effect of nolo contendere plea).

We conclude, therefore, that Belcher has made no showing of manifest injustice. **McClendon**, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2016