J-S16039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY EUGENE SOLOMON, | : | |
| | : | |
| Appellant | : | No. 1331 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 23, 2018
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001063-2017

BEFORE: OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: APRIL 30, 2019**

Gary Eugene Solomon ("Solomon") appeals from the judgment of sentence imposed following his open guilty plea to two counts of cruelty to animals.[1] We affirm.

In March 2017, the Lycoming County Humane Society received an anonymous tip that a dog at Solomon's address was not being fed or receiving adequate care. Humane Society police officer Shawn McMonigle ("Officer McMonigle") responded to Solomon's home and found the deceased and frozen body of a terrier-mix dog, lying in an outdoor chain link kennel with insufficient shelter. Solomon informed Officer McMonigle that the dog had died seven days ago, the date of a large snowstorm, and Solomon was waiting for the ground to warm up before burying the dog's body. Officer McMonigle observed that the dog's body was extremely emaciated, and that there was no food

_____

[1] 18 Pa.C.S.A. § 5511(a)(2.1), (c).

visible in the kennel. A necropsy revealed that the dog died from a combination of starvation and hypothermia.

On May 24, 2018, Solomon pled guilty to the above-described charges. The trial court deferred sentencing and ordered a pre-sentence investigation report ("PSI"). Subsequently, the trial court sentenced Solomon to an aggregate term of three months to two years, less one day, in prison. Solomon filed a post-sentence Motion, requesting reconsideration of his sentence, which the trial court denied. Solomon filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Solomon raises the following question for our review: "Did the trial court abuse its discretion when imposing an aggravated[-]range sentence on [Solomon] without fully stating the reasons on the record in reflection of consideration of an aggravated[-]range sentence?" Brief for Appellant at 7.

Solomon challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief

- 2 -

has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

＊ ＊ ＊

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Solomon filed a timely Notice of Appeal, raised his sentencing claim in a post-sentence Motion, and included a Rule 2119(f) Statement in his brief. Further, Solomon's claim that the sentencing court imposed an aggravated-range sentence, without stating on the record the reasons therefor, raises a substantial question. *See* Brief for Appellant at 10; *see also Commonwealth v. Booze*, 853 A.2d 1263, 1278 (Pa. Super. 2008) (stating that "an allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence … raises a substantial question for our review."). Thus, we will review Solomon's claim.

Our standard of review is as follows:

Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

***Commonwealth v. Downing***, 990 A.2d 788, 792-93 (Pa. Super. 2010)

(citation omitted).

> The sentencing court is given broad discretion in determining whether a sentence is manifestly excessive because the sentencing judge is in the best position to measure factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance, or indifference. In order to find that a trial court imposed an unreasonable sentence, we must determine that the sentencing court imposed the sentence irrationally and that the court was not guided by sound judgment.

***Commonwealth v. McClendon***, 589 A.2d 706, 712 (Pa. Super. 1991)

(internal citations and quotation marks omitted).

> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines. Additionally, the court must impose a sentence which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.

***Id.*** (quotation marks and citations omitted); ***see also*** 42 Pa.C.S.A. § 9721(b).

Further, "where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Downing***, 990 A.2d at 794 (quotation marks and citations omitted).

Here, the record reflects that the trial court considered the PSI, the sentencing guidelines, the severity of Solomon's crimes, Solomon's lack of remorse for his crimes, the mitigating and aggravating factors, the protection of the public, and Solomon's rehabilitative needs. *See* N.T., 7/23/18, at 2, 13; Trial Court Opinion, 10/8/18, at 2-3 (pages unnumbered). During the sentencing hearing, the trial court noted that it was particularly concerned with the severity of the dog's mistreatment, and Solomon's lack of remorse. *See id.* at 13 (wherein the trial court stated that "I'm moved by this. And I can't get by how no one in the family could do anything for this poor dog."); Trial Court Opinion at 5 (unnumbered) (stating that Solomon "did not appear to appreciate the seriousness of the crimes he committed or the impact on others or the community.").

We agree with the court's analysis, and additionally note the testimony of Officer McMonigle. At Solomon's sentencing hearing, Officer McMonigle testified that this was one of the worst animal cruelty cases he had ever seen. *See* N.T., 8/22/18, at 3. Officer McMonigle stated that the dog's stomach and intestines were void of any food or waste, and the dog's body had no fat reserves remaining. *Id.* Pieces of wood were found between the dog's teeth and gums, evidencing the dog's attempt to consume the doghouse to stay alive. *Id.* at 4. Moreover, Officer McMonigle testified that at Solomon's preliminary hearing, Solomon asked if he could pay a fine for his offense, and leave. *Id.* at 4-5.

We conclude that the trial court properly considered all the statutory factors before sentencing Solomon. *See McClendon*, *supra*. Moreover, because the trial court had the benefit of a PSI, it is presumed that the court was aware of relevant information regarding Solomon's character, and weighed those considerations along with any mitigating factors. *See Downing*, *supra*; *see also Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006) (rejecting the appellant's claim that the sentencing court had abused its discretion by imposing sentence without stating adequate reasons on the record, and holding that "[s]ince the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence[.]"). Accordingly, Solomon's discretionary sentencing challenge fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2019

- 6 -