J-S54045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KELLY LYNN FIENI | : | |
| | : | |
| Appellant | : | No. 350 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 8, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001071-2019

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED FEBRUARY 25, 2021**

Kelly Lynn Fieni ("Fieni") appeals from the judgment of sentence imposed following her guilty plea to one count each of driving under the influence ("DUI") of a controlled substance – third offense, driving while operating privilege is suspended, operation of a motor vehicle without required financial responsibility, possession of a small amount of marihuana, and possession of drug paraphernalia, and three counts of possession of a controlled substance.[1]  We affirm.

On December 19, 2018, Manheim Borough Police Officer Kirk Colwell ("Officer Colwell") was on routine traffic patrol in Rapho Township, Lancaster County, Pennsylvania.  At 10:06 p.m., Officer Colwell observed Fieni's

_____

[1] **See** 75 Pa.C.S.A. §§ 3802(d)(2), 1543(b)(1.1)(i), 1786(f); 35 P.S. § 780-113(a)(31)(i), (32), (16).

vehicle drift into the oncoming lane of travel, and abruptly jerk back into the proper lane, on several occasions. Based on his observations, Officer Colwell conducted a traffic stop of Fieni's vehicle, approached Fieni's driver-side window, and observed Fieni exhibit multiple signs that she was intoxicated by controlled substances. Officer Colwell asked Fieni to perform several field sobriety tests, which she failed. Officer Colwell asked Fieni if she had consumed any prescribed medication or controlled substances, and Fieni admitted that she had taken non-prescribed Vicodin earlier that day. With Fieni's consent, Officer Colwell searched the interior of Fieni's vehicle, and discovered drug paraphernalia, marijuana, and numerous separately-packaged substances that included pills, and powdery and crystal-rock like substances. A lab test revealed that the packaged substances included heroin, crystal meth, Adderall, Xanax and Vicodin. Officer Colwell arrested Fieni, transported her to the police station, and conducted a consented-to blood-draw. The blood-draw results revealed that Fieni's blood contained amphetamine, methamphetamine, morphine, fentanyl, norfentanyl and acetyl fentanyl.

On October 18, 2019, Fieni pled guilty to the above-mentioned crimes. The trial court deferred sentencing and ordered the preparation of a presentence investigation report ("PSI"). On January 8, 2020, the trial court sentenced Fieni to 18 months to 5 years in prison for DUI, a consecutive 90 days in prison for driving while operating privilege is suspended, and an

aggregate term of 3 years of probation for the remaining charges. Fieni filed a post-sentence Motion to modify her sentence, which the trial court denied. Fieni filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Fieni raises the following questions for our review:

I. Did the trial court err in imposing a sentence in the aggravated range for [DUI] – third offense without acknowledging that it was imposing a sentence in the aggravated range, and without stating the basis for the aggravated range sentence on the record?

II. Was an aggregate sentence of twenty-one (21) to sixty (60) months clearly unreasonable, and inconsistent with the protection of the public, the gravity of the offenses, and [] Fieni's rehabilitative needs?

Brief for Appellant at 8.

We will consider Fieni's claims together, as they are related. In her first claim, Fieni argues that the trial court abused its discretion in sentencing her in the aggravated range for her conviction of DUI, without acknowledging that it was sentencing Fieni in the aggravated range, or stating its reasons on the record for the aggravated-range sentence. *Id.* at 18-20. In her second claim, Fieni argues that the trial court abused its discretion in sentencing her to an aggregate term of 21 to 60 months in prison. Fieni claims that the trial court's sentence was manifestly excessive, and not consistent with the protection of the public, the gravity of Fieni's offenses and Fieni's rehabilitative needs. *Id.* at 20-24.

Fieni's claims challenge the discretionary aspects of her sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> * * *

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Fieni filed a timely Notice of Appeal, raised her sentencing claim in a post-sentence Motion, and included a Rule 2119(f) Statement in her brief. Further, Fieni's claims raise a substantial question. *See Commonwealth v. Booze*, 853 A.2d 1263, 1278 (Pa. Super. 2008) (stating that "an allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence … raises a substantial question for our review."); *Commonwealth v. Riggs*, 63 A.3d 780, 786

(Pa. Super. 2012) (stating that an appellant raises a substantial question where she alleges that "the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of [a]ppellant.").  Thus, we will review Fieni's claim.

Our standard of review is as follows:

Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion.  An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will.  It is more than just an error in judgment.

*Commonwealth v. Downing*, 990 A.2d 788, 792-93 (Pa. Super. 2010) (citation omitted).

The sentencing court is given broad discretion in determining whether a sentence is manifestly excessive because the sentencing judge is in the best position to measure factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance, or indifference.  In order to find that a trial court imposed an unreasonable sentence, we must determine that the sentencing court imposed the sentence irrationally and that the court was not guided by sound judgment.

*Commonwealth v. McClendon*, 589 A.2d 706, 712 (Pa. Super. 1991) (internal citations and quotation marks omitted).

When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant.  In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.  It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines.  Additionally, the court must impose a

- 5 -

> sentence which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.

*Id.* (quotation marks and citations omitted); *see also* 42 Pa.C.S.A. § 9721(b). Further, "where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Downing*, 990 A.2d at 794 (quotation marks and citations omitted).

Here, the record reflects that the trial court considered the PSI, the Sentencing Guidelines, the severity of Fieni's crimes, the protection of the public, and Fieni's rehabilitative needs. *See* N.T., 1/8/20, at 12-14; Trial Court Opinion, 5/18/20, at 5-6. Notably, the trial court stated its reasons for sentencing Fieni in the aggravated range of the guidelines. The trial court stated that Fieni has been struggling with drug addiction for a significant period of time; she has been treated at drug rehabilitation facilities twice; and she has an extensive criminal history, including two prior DUI convictions. N.T., 1/8/20, at 13-14. The trial court also noted that on this occasion, she was driving "while fully intoxicated with drugs to the level of which, as counsel for the Commonwealth stated, should or could have resulted in her death." *Id.* at 14. We conclude that the trial court properly considered all of the statutory factors before sentencing Fieni. *See McClendon*, *supra*. Moreover, because the trial court had the benefit of a

PSI, it is presumed that the court was aware of relevant information regarding Fieni's character, and weighed those considerations along with any aggravating factors. *See Downing*, *supra*; *see also Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006) (rejecting the appellant's claim that the sentencing court had abused its discretion by imposing sentence without stating adequate reasons on the record, and holding that "[s]ince the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence[.]"). Accordingly, Fieni's discretionary sentencing challenges fail.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/25/2021