**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFONZO GLENN, | : | |
| | : | |
| Appellant | : | No. 597 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 14, 2019
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001453-2017

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 07, 2019**

Alfonzo Glenn ("Glenn") appeals from the judgment of sentence imposed following his open guilty plea to aggravated assault.[1] Additionally, Glenn's counsel, Matthew P. Kelly, Esquire ("Attorney Kelly"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to **_Anders v. California_**, 386 U.S. 738, 744 (1967). We grant Attorney Kelly's Petition to Withdraw and affirm Glenn's judgment of sentence.

On January 23, 2019, Glenn entered an open guilty plea to aggravated assault. The trial court sentenced Glenn to a term of 72 to 156 months in prison, followed by two years of probation. Glenn filed a post-sentence Motion requesting reconsideration of his sentence, which the trial court denied. Glenn filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. Attorney Kelly subsequently

---

[1] **_See_** 18 Pa.C.S.A. § 2702(a)(1).

filed, with this Court, an **Anders** brief and a Petition to withdraw as counsel. Glenn neither filed a *pro se* brief, nor retained alternate counsel for this appeal.

Before addressing Glenn's issue on appeal, we must determine whether Attorney Kelly has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

- 2 -

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, our review of the *Anders* Brief and the Petition to Withdraw reveals that Attorney Kelly has substantially complied with each of the requirements of *Anders*/*Santiago*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of *Anders*). Attorney Kelly indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. Further, Attorney Kelly's *Anders* Brief comports with the requirements set forth by the Supreme Court of Pennsylvania in *Santiago*. Finally, Attorney Kelly provided Glenn with a copy of the *Anders* Brief, and advised him of his rights to proceed *pro se*, retain new counsel, or raise any additional points deemed worthy of the Court's attention. Thus, Attorney Kelly has complied with the procedural requirements for withdrawing from representation. We next examine the record and make an independent determination of whether Glenn's appeal is, in fact, wholly frivolous.

Attorney Kelly presents the following issue, on behalf of Glenn, for our review: "Whether the trial court abused its discretion in sentencing [Glenn] to the high-end of the standard range of the sentencing guidelines and in failing to consider [Glenn's] attempts at rehabilitation[?]" *Anders* Brief at 1.

This issue challenges the discretionary aspects of Glenn's sentence. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (citation omitted).

Glenn filed a timely Notice of Appeal, and Attorney Kelly included a 2119(f) Statement within the *Anders* Brief, and has advanced a plausible argument that the trial court failed to consider evidence that Glenn's substance abuse problem is under control; he incurred no misconducts while incarcerated; and that he accepted responsibility for his crimes. *See Anders* Brief at 4; *see also Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (stating that an appellant raises a substantial question where he alleges that "the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of Appellant."). Accordingly, we will address Glenn's discretionary sentencing claim.

Glenn argues that his sentence is harsh and excessive because the trial court sentenced him at the high end of the standard range of the sentencing guidelines and did not consider his attempts at rehabilitation. *Anders* Brief at 6-8.

Our standard of review is well settled:

> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines. Additionally, the court must impose a sentence which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.

*Commonwealth v. McClendon*, 589 A.2d 706, 712 (Pa. Super. 1991) (internal citations and quotation marks omitted). "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010).

Initially, the trial court had the benefit of a pre-sentence investigation report ("PSI"), which the court expressly stated it had considered prior to imposing sentence. *See* N.T., 3/14/19, at 5. "[W]here the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v.*

*Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (quotation marks and citations omitted).

Moreover, the record reflects that the trial court considered the sentencing guidelines, Glenn's criminal record, protection of the public, the gravity of Glenn's offense as it relates to the impact on the life of the victim and the community, and Glenn's rehabilitative needs. *See* Trial Court Opinion, 5/21/19, at 7-8. Particularly, the trial court noted the severity of Glenn's actions:

> After considering the record in this case, we are not persuaded [that Glenn] comprehends the gravity of his offense. The victim testified at the sentencing hearing that, when assaulted and strangled [by Glenn], [Glenn] placed a bag over her head and attempted to suffocate her. She related that, prior to passing out, "I said, God, forgive me for my sins. I really thought I was going to die." She stated this occurred in the presence of her four-year old son[,] and she described the disturbing after-effects of the crime on them. She also noted that two years later they both remain in counseling as a result of the crime."

*Id.* at 7 (citations to record and emphasis omitted). Thus, the trial court properly considered all of the statutory factors before sentencing Glenn. *See McClendon*, *supra*. Additionally, the sentence was within the standard range of the guidelines. *See Moury*, *supra*. Accordingly, we conclude that the trial court's sentence was not improperly excessive, and Glenn's discretionary sentencing challenge is wholly frivolous.

Finally, our independent review of the record discloses no additional non-frivolous issues that could be raised on appeal. We therefore grant Attorney Kelly's Petition, and affirm Glenn's judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

President Judge Panella joins the memorandum.

P.J.E. Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/07/2019