J-S46043-20
J-S46044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL J. PICHALSKY | : | |
| | : | |
| Appellant | : | No. 991 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 15, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007443-2015,
CP-51-CR-0007444-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL J. PICHALSKY | : | |
| | : | |
| Appellant | : | No. 993 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 15, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007443-2015,
CP-51-CR-0007444-2015

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                Filed: December 24, 2020

Daniel J. Pichalsky ("Pichalsky") appeals from the judgments of sentence imposed following his guilty pleas, at docket number CP-51-CR-000 7443-2015 ("7443-2015"), to interference with custody of children and

harassment,[1] and, at docket number CP-51-CR-0007444-2015 ("7444-2015"), to unlawful contact with minor, criminal attempt, corruption of minors, false imprisonment, and indecent assault.[2] We affirm.

In its Opinion, the trial court summarized the relevant factual history underlying this appeal as follows:

> On May 27, 2015, Y.M.R. (D.O.B. March [] 2003)[] stood outside of her home on [the 2600 block of] Kensington Avenue, as she waited for her brother to walk her to school. She observed [Pichalsky] standing near her home and staring at her for several minutes. At some point, [Pichalsky] moved towards Y.M.R. and tried to drag her away from her house. [Y.M.R.] ran inside her house[ and locked the door,] and [Pichalsky] tried to follow, grabbing the door handle in an attempt to get inside.
>
> [Minutes later,] [Pichalsky] targeted a different minor child, N.R. (D.O.B. December [] 2001). [Pichalsky] noticed N.R. walking on the 2600 block of Kensington Avenue and followed behind her. [Pichalsky] eventually cornered N.R. against a wall and told her that he had a gun. He repeatedly told [N.R.] to pull her pants down[,] before rubbing the right side of her body under her breast [with his hand]. [Pichalsky] only stopped after a friend of N.R.'s brother noticed [Pichalsky] and called N.R.'s name. At that point, [Pichalsky] said "never mind" and ran away.

Trial Court Opinion, 12/30/19, at 2; **see also** N.T. (Guilty Plea), 5/7/18, at 11-13 (wherein the assistant district attorney recited the facts of the case). Pichalsky was later arrested and charged, at 7443-2015, with crimes relative to his interaction with Y.M.R., and, at 7444-2015, with crimes relative to his

_____

[1] **See** 18 Pa.C.S.A. §§ 2904(a), 2709(a)(4).

[2] **See** 18 Pa.C.S.A. §§ 6318(a)(1), 901, 6301(a)(1)(i), 2903(b), 3126(a)(7).

interaction with N.R. On May 7, 2018, Pichalsky pled guilty to the above-mentioned crimes. The trial court deferred sentencing pending preparation of a pre-sentence investigation report ("PSI").

On October 29, 2018, the trial court sentenced Pichalsky, at 7443-2015, to 2½ to 5 years in prison for interference with custody of children, and no further penalty for harassment. At 7444-2015, the trial court sentenced Pichalsky to 2½ to 5 years in prison for unlawful contact with a minor, 10 to 20 years in prison for criminal attempt, 5 years of probation for corruption of minors, 2½ to 5 years in prison for false imprisonment, and 5 years of probation for indecent assault. The trial court ordered the sentences at 7444-2015 to run consecutively, for an aggregate term of 15 to 30 years in prison, followed by 10 years of probation. The trial court also ordered the sentences at the two docket numbers to run consecutively to one another.

On November 2, 2018, Pichalsky filed timely Post-Sentence Motions for modification of his sentences, one at each docket number. On November 9, 2018, the trial court held a hearing to address both Motions. Following the hearing, the trial court held the matter under advisement, and scheduled a second hearing for November 15, 2018.

At the November 15, 2018, hearing, the trial court stated, "I will reconsider, and it will not be exactly what you were looking for. On [7443-2015], I am going to leave that the same. So the interfering with custody

would still be 2½ to 5. Harassment, no further penalty." N.T., 11/15/18, at 6-7. The trial court then amended the sentence at 7444-2015 to 8 to 20 years in prison for criminal attempt, seven years of probation for unlawful contact with a minor, five years of probation for corruption of minors, 2½ to 5 years in prison for false imprisonment, and five years of probation for indecent assault. *Id.* at 6. The trial court ordered the sentences at 7444-2015 to run consecutively to each other, for an aggregate term of 10½ to 25 years in prison, followed by 10 years of probation, and directed the sentence at 7444-2015 to run consecutive to the sentence at 7443-2015.[3] *Id.*

On November 20, 2018, Pichalsky filed Post-Sentence Motions for modification of his sentences, one at each docket number. The trial court did not address Pichalsky's Motions. On March 20, 2019, the Motions were

_____

[3] The certified record for 7444-2015 contains a November 15, 2018, Order, stating that the "previous sentence given on 10/29/18 is vacated[,] and [Pichalsky] is hereby given a new sentence…." The new sentence matched what was announced at the hearing. The docket at 7443-2015 indicates that an "Order Denying Motion for Reconsideration of Sentence" was entered on November 15, 2018. However, the certified record for 7443-2015 does not contain an Order denying Pichalsky's Motion.

denied by operation of law.[4, 5]  On April 2, 2019, Pichalsky filed Notices of Appeal, one at each docket number, with both docket numbers listed on each Notice of Appeal.  On April 4, 2019, the trial court ordered Pichalsky, pursuant to Pa.R.A.P. 1925(b), to file a concise statement of the matters complained of on appeal.  Pichalsky timely complied.  This Court listed Pichalsky's appeals consecutively, at 991 EDA 2019 and 993 EDA 2019, with both trial court docket numbers included on each appeal.

On April 24, 2019, this Court issued a Rule to Show Cause why Pichalsky's appeals should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 169 (Pa. 2018) (stating that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed.  The failure to do so will result in quashal of the appeal.").  The Rule also directed Pichalsky to show cause why his appeal at 993 EDA 2019 should not be dismissed as duplicative of the appeal

---

[4] **See** Pa.R.Crim.P. 720 (stating, in relevant part, that "the [trial court] judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days … the motion shall be deemed denied by operation of law.").

[5] A docket entry at 7443-2015, dated March 5, 2019, states "Denial by Operation of Law."  On March 14, 2019, Pichalsky filed a Motion to Correct Clerical Errors on the Record, arguing that the Denial by Operation of Law was premature, and requesting that the Clerk of Courts amend the docket. A docket entry at both docket numbers, dated April 1, 2019, states, "[Pichalsky's] Motion to Reconsider denied by operation[ ]of law on March 20, 2019; not March 5, 2019….".

at 991 EDA 2019.[6]  On April 29, 2019, this Court issued a second Rule to Show Cause why Pichalsky's appeal at 7443-2015 should not be quashed as untimely filed.  Pichalsky filed Responses addressing each of the Rules.  On May 8, 2019, this Court issued an Order, discharging the Rules to Show Cause and referring the **Walker** and timeliness issues to this panel.

On appeal, Pichalsky raises the following questions for our review:

A. Should not this Court address the merits of [Pichalsky's] appeal where he filed one timely appeal for each docket, [7443-2015] and [7444-2015], and the docket numbers represent convictions following a single consolidated guilty plea involving two complainants and one judgment of sentence imposed upon [Pichalsky] by the trial judge?

B. Should not this Court address the merits of [Pichalsky's] appeal where the trial court held a reconsideration hearing on November 15, 2018[,] for the sentence imposed in [7443-2015] and [7444-2015], and although the trial court did not alter the sentence originally imposed on [7443-2015,] but modified the sentence in [7444-2015,] the hearing represented a single, unified sentence, and as such[,] when the trial court did not act on a subsequent [M]otion for reconsideration[,] filed on November 20, 2018, the denial by operation of law occurred on March 20, 2019[,] and therefore[,] [Pichalsky's] appeal filed on April 2, 2019 was timely?

C. Did not the trial court impose a manifestly excessive and unreasonable sentence of 13 to 30 years [of] confinement followed by 17 years of probation, which was contrary to the fundamental norms that underlie the sentencing process and to specific provisions of the Sentencing Code[,] including 42 Pa.C.S.[A.]

---

[6] Our review of Pichalsky's Briefs at 991 EDA 2019 and 993 EDA 2019 reveals that the issues he raises in each are identical.  Accordingly, we have consolidated the appeals.

§ 9721(b)[,] which requires[,] in part[,] that a sentencing court consider [Pichalsky's] background and rehabilitative needs?

Brief for Appellant at 3-4.

In his first claim, Pichalsky argues that this Court should not quash his appeal because he filed a Notice of Appeal at each docket number. *Id.* at 21-26.

This Court recently held that where separate notices of appeal are filed at each docket number, the inclusion of multiple docket numbers on each notice of appeal does not invalidate the notices of appeal. ***Commonwealth v. Johnson***, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*); ***Commonwealth v. Larkin***, 235 A.3d 350, 352 (Pa. Super. 2020) (*en banc*). Here, Pichalsky filed separate Notices of Appeal at each docket number. Accordingly, we conclude that Pichalsky has complied with ***Walker***. ***See id.***

In his second claim, Pichalsky argues that this Court should not quash his appeal at 7443-2015, because it was timely filed. Brief for Appellant at 27-30. Pichalsky claims that the trial court granted his November 2, 2018, Post-Sentence Motions to modify his sentence at both dockets, even though the certified record at 7443-2015 does not contain an order indicating same, and the docket at 7443-2015 indicates that the Motion was denied. *Id.* at 28. Pichalsky asserts that the trial court intended to grant the Motion at 7443-2015, and the lack of an order on the docket is the result of a clerical error. *Id.* at 28-29.

- 7 -

Our review of the record reveals that at the hearing to address Pichalsky's November 2, 2018, Post-Sentence Motions to modify his sentence at both docket numbers, the trial court stated on the record that it would "reconsider" his sentences, then set forth the sentences at 7443-2015 and 7444-2015. Further, our review of the dockets at both docket numbers reveals that Pichalsky's subsequent November 20, 2018, Motions to modify his sentence were filed at both docket numbers, and were each denied by operation of law on March 20, 2019. Accordingly, we decline to quash Pichalsky's April 2, 2019, Notice of Appeal at 7443-2015 as untimely filed.

In his third claim, Pichalsky argues that his sentence is harsh and excessive because the trial court ordered his sentences to run consecutively without considering his traumatic childhood upbringing and his rehabilitative needs. **See** Brief for Appellant at 31-39. Pichalsky challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." **Commonwealth v. Grays**, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Grays**, 167 A.3d at 815-16 (citation omitted).

Pichalsky filed timely Notices of Appeal, preserved his claim in his Post-Sentence Motions, and included a Rule 2119(f) Statement within his Brief. Further, Pichalsky's claim that the trial court's imposition of consecutive sentences was excessive, and failed to take into account his rehabilitative needs, raises a substantial question. *See* Brief for Appellant at 15-18; *see also Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (stating that an excessive sentence claim, in conjunction with "an argument that articulates reasons why consecutive sentences in a particular case are unreasonable or clearly unreasonable," raises a substantial question); *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (stating that an appellant raises a substantial question where he alleges that "the trial court failed to consider relevant sentencing criteria, including … the rehabilitative needs of [the a]ppellant."). Accordingly, we will address Pichalsky's discretionary sentencing claim.

> Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

*Commonwealth v. Downing*, 990 A.2d 788, 792-93 (Pa. Super. 2010) (citation omitted).

> The sentencing court is given broad discretion in determining whether a sentence is manifestly excessive because the sentencing judge is in the best position to measure factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance, or indifference. In order to find that a trial court imposed an unreasonable

- 9 -

sentence, we must determine that the sentencing court imposed the sentence irrationally and that the court was not guided by sound judgment.

*Commonwealth v. McClendon*, 589 A.2d 706, 712 (Pa. Super. 1991) (internal citations and quotation marks omitted).

> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines. Additionally, the court must impose a sentence which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.

*Id.*; *see also* 42 Pa.C.S.A. § 9721(c) (setting forth the sentencing standards). Additionally, "the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." *Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009).

Here, the record reflects that the trial court considered the particular circumstances of the offense, Pichalsky's prior criminal record, and his potential for rehabilitation. N.T., 11/15/18, at 5-7; N.T., 10/29/18, at 28-29; Trial Court Opinion, 12/30/19, at 4-7. Further, the trial court considered the sentencing guidelines, Pichalsky's prior record score and rehabilitative needs, and the seriousness of his crimes. Trial Court Opinion, 12/30/19, at

7-10; N.T., 11/15/18, at 5. Thus, the trial court properly considered all of the statutory factors before sentencing Pichalsky. ***See McClendon***, ***supra***.

Moreover, because the trial court had the benefit of a PSI, which the court stated it had considered prior to imposing sentence, ***see*** N.T., 10/29/18, at 26, we presume that the court was aware of relevant information regarding Pichalsky's character, and weighed those considerations along with any mitigating factors. ***Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010) (stating that "where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."). Furthermore, the trial court exercised its discretion in ordering Pichalsky's sentences to run consecutively. ***See Lilley***, ***supra***. Accordingly, we conclude that the trial court's sentence was not improperly excessive, and Pichalsky's discretionary sentencing challenge fails.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/20

- 11 -